JOHN E. HURFORD *vs.* HANSON H. HAINES Executor of ELI HURFORD, deceased, *et al.*

*Construction of a Will—Intermediate rents and profits, or income of Contingent Residuary devise or bequest—Accumulation of Income.*

The will of a testator, after making disposition of part of his estate, including a provision in favor of his son J. E. H., proceeds as follows: "and the rest and residue of my estate both personal and real is to be invested safely; and in the event of said J. E. H. marrying and having children, after his decease the whole shall revert to said children; but if he die without marrying, then the whole of said estate, (less, &c.,) shall revert to the three children of my brother L. H., deceased, and to the child or children of M. H., also my brother." After the death of the testator, J. E. H., who was his only child and heir-at-law, married, and had children. On a bill filed by J. E. H. for a construction of the will, and claiming the interest or income of said residue during his life, it was HELD:

1st. That there was no ground for implying the existence of a life estate in the son of the testator in the residuary fund, or the income therefrom.

2nd. That whether said fund was derived from real or personal estate, or from both, it should be invested, and the interest and profits therefrom should accumulate until the death of J. E. H., when it would appear to whom such fund, with the accumulated interest, would be payable under the residuary clause of the will.

A general residuary bequest of personal property, contingent in terms, carries the intermediate income or interest; and such income or interest will be required to accumulate and form part of the residue, for the benefit of the party that may be ultimately entitled to such residue.

A blended gift or devise of a residuary real and personal estate, though contingent in terms, carries the intermediate rents and profits of the real estate as well as the income of the personal estate.

APPEAL from the Circuit Court for Cecil County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued for the appellant before ALVEY, C. J., YELLOTT, MILLER, ROBINSON, and IRVING, J.

*Robert C. Thackery*, for the appellant.

*Albert Constable*, for the appellee, submitted the case without brief.

ALVEY, C. J., delivered the opinion of the Court.

Eli Hurford, late of Cecil County, died in April, 1873, leaving a will, bearing date the 3d of April, 1873, which was duly admitted to probate. He left a son, John E. Hurford, his only child and heir-at-law. This son had not been married at the date of the will, and the record does not disclose the circumstances necessary to a full understanding of the reasons for some of the provisions of the will in respect to the son. Since the death of the father the son has married, and has two children living. The estate of the testator has been administered, and there is now in the hands of the executor and trustee under the will, the sum of $4,489.06, to be disposed of under the residuary clause of the will.

The bill in this case was filed by the son, the present appellant, who alleges himself to be entitled to a life estate in the residuary portion of his father's estate, and that, consequently, he is entitled to receive the interest or income of such residuary portion of the estate, but that his claim in this respect has been denied. He therefore prays a construction of the will, to the end that his rights thereunder may be established. The executor and trus-

v. 67.

tee of the estate, and the two children of the appellant, are made defendants. They have answered, and submit the matter to the Court for its decision. And whether the appellant is really entitled, as claimed by him, to the interest or income of this residuary fund during his life, is the only question presented on this appeal.

By his will, the testator gave to Mrs. Hopkins, to be paid out of his personal estate, $3,000, and the income of $10,000 per annum, to compensate her for her care of his son, John E. Hurford, and with whom he desired his son to make his home, until he should get married; and, in which case, according to the language of the will, " the said income is to be paid her by my executors and trustees, and, at her death, to revert to her son, George Hopkins; that is, in case there be sufficient to pay her that sum after paying to John E. Hurford the sum of six hundred dollars per year."

Then follows this clause of the will: "I give and bequeath to my said son, John E. Hurford, the sum of six hundred dollars per annum, as income, for the term of six years from the date of my decease; and if, at the end of that time, the said John E. Hurford shall so conduct himself that, in the opinion of my executors and trustees, he is safely to be trusted with the management of real estate, then he, the said John E. Hurford, to have deeded to him, by said executors and trustees, either the farm and mill property on which I now reside, or another farm of the value of ten thousand dollars, ($10,000); and the *rest and residue* of my estate, *both personal and real*, to be invested safely, and, in the event of said John E. Hurford marrying and having children, *after his decease*, the *whole* shall revert to said children; but if he die *without marrying*, then the whole of said estate, (less a sufficient sum to yield an income of six hundred dollars to said Mary Hopkins), shall revert to the three children of my brother, Lewis Hurford, late of Lancaster City, deceased,

and to the child or children of Morris Hurford, of Chester County, Pa., also my brother."

By the last clause in the will, the testator constituted Job Haines and Hanson H. Haines joint executors and trustees, " to hold his said estate *in trust,* as thereinbefore mentioned, and to act in all matters connected with said estate and bequests, according to their best judgment and discretion," &c.

Taking in view all the provisions of the will, it is very clear that the testator did not intend to leave any portion of his estate undisposed of; as the residuary clause of his will is as comprehensive as language could make it. Nor is there any ground for implying the existence of a life estate in the son of the testator in the residuary fund, or the income therefrom; as the provisions of the will completely negative any such intent or purpose on the part of the testator. If, therefore, the son is entitled, as he claims to be, to the intermediate income of the residuary fund, he can only be entitled as heir-at-law or next of kin, and not as devisee or legatee under the will.

To what extent this residuary fund has been derived from realty, or from personalty, or whether from the one or other species of estate entirely, does not appear. But as, by the terms of the residuary clause of the will, both species of estate are combined, it can make no difference, in the application of legal principles, whether the fund was derived principally from the one species of estate or the other. In either case the result must be the same.

As we have seen from the clause of the will recited, the testator, after making provision for Mrs. Hopkins and his son, directed the *rest* and *residue* of his estate, both *personal and real,* to be safely invested ; and if his son should marry and have children, then, in that event, *after the death* of the son, the *whole* of such residuary estate to go to such children. In the meantime, to await the contingencies provided for in the will, the estate is directed

to be held by the trustees named; but, of course, to be safely invested, as and when reduced to a fund, to abide the events contemplated by the residuary clause of the will.

There is no principle better settled than that a *general residuary* bequest of personal property, contingent in terms, carries the intermediate income or interest, and that such income or interest, will be required to accumulate and form part of the residue, for the benefit of the party that may be ultimately entitled to such residue. This is the settled doctrine, upon all the authorities, from the cases of *Green vs. Ekins,* 2 *Atk.,* 473, and *Trevanion vs. Vivian,* 2 *Ves., Sen.,* 430, down to the present time. *Lloyd vs. Harris,* 1 *Turner & Russ.,* 310. In the case of *Bective vs. Hodgson,* 10 *H. L. Cas.,* 656, 665, it was said by Lord Chancellor WESTBURY, in delivering the opinion of the House of Lords, that "if by a will the whole of the personal estate, or the residue of the personal estate, be the subject of an executory bequest, the income of such personal estate follows the principal as an accessory, and must during the period which the law allows for accumulation, be accumulated and added to the principal. Subject to the prohibition against accumulation, the ownership both of the principal and interest of the personal estate so bequeathed, may remain in suspense until the executory bequest takes effect, provided it be so given as that it must vest within the time allowed by the rule against perpetuities. In the case of personal estate, the policy of the law does not require that there should always be a representative of the beneficial ownership." In the present case, there is nothing in the contingencies provided for that could infringe any rule of law against perpetuities; and, consequently, the executory devise or bequest of the residue, is perfectly good, according to established principles of law.

That being the rule in regard to executory bequests of residue of personal estate, the rule is equally well settled

that a blended gift or devise of a *residuary real and personal* estate, though contingent in terms, carries the intermediate rents and profits of the real estate, as well as the income of the personal estate. This has been regarded as the established rule, ever since the leading case of *Stephens vs. Stephens, Cases Temp. Talbot,* 228, and the subsequent case of *Gibson vs. Lord Montfort,* 1 *Ves., Sen.,* 485, and *S. C.* reported as *Gibson vs. Rogers,* in *Amb.,* 93.

In the last mentioned case, the testator devised all his estate to trustees, in trust, to pay certain annuities and legacies, &c., and then, "as for and concerning *all the rest, residue and remainder of the real and personal estate,* after provision made for the payment of the annuities and legacies, he gave to such child or children as his daughter should have lawfully begotten, &c.; but if his daughter should die without such issue, then to two other persons, to be equally divided between them." And Lord Chancellor HARDWICKE, in deciding the case, went fully into the principles applicable in the construction of such executory residuary devises, and he held that the intermediate rents and profits (over and above the annuities and legacies provided for,) were embraced in the residue, and should accumulate for the benefit of the residuary devisees, and not go to the heir-at-law. He said that it was conceded, that the residuary gift of the personal estate carried the intermediate income arising therefrom ; and where, by the same residuary clause, both real and personal estate were disposed of together, the same presumption arose as to the intention to dispose of the income of both species of estate. In such case, the rents and profits from the real estate, as well as the income from the personal estate, would pass and form part of the residue, for the benefit of those entitled as executory devisees or legatees, under the residuary clause of the will.

That case is a leading one upon the subject, and the principle of construction there declared has been recog-

nized and adopted in all subsequent cases in the English Courts. We need only refer to the cases of *Genery vs. Fitzgerald, Jac.*, 470, and *Ackers vs. Phipps*, 3 *Clark & Fin.*, 691. The case of *Worthington vs. McPherson*, 5 *Gill*, 51, is altogether different from this. There the child of the testator was held to be entitled to the profits of the estate, because he took a vested estate under the will and the profits passed by virtue of the devise of the property to him. But that is not the case here.

It follows from the well established principles of construction which we have stated, that the residuary fund of $4,489.06, now in the hands of the executor and trustee of the testator, should be invested as directed by the will, and that the interest and profit thereof should accumulate until the death of the son, John E. Hurford, when it will appear to whom such fund, with the accumulated interest, will be payable, under the residuary clause of the will. The decree of the Court below, being in accordance with the opinion of this Court, will be affirmed.

*Decree affirmed, and*
*cause remanded.*

(Decided 13th May, 1887.)