## J. De Trafford Blackstone's Appeal from Probate.

Second Judicial District, Norwich, May Term, 1894. Andrews, C. J., Tor-
rance, Fenn, Baldwin and Hamersley, Js.

A testator gave one third of the residue of his estate to his widow for her
    life, and the other two thirds in certain proportions he bequeathed to
    his five children.   By the sixth and subsequent clause of his will he
    directed that the amounts charged by him on his books to his several
    children should be deducted from their respective shares in the resid-
    uary portion of his estate, and that the amount so charged should be
    embraced in the inventory of the estate.   Pending settlement of the

estate, the residuary portion had increased some two hundred and forty thousand dollars by additions of income accruing since the testator's death. The distributors in making a division of the residue, first determined the amount of the principal residue as it existed at the death of the testator, and from this amount deducted the total amounts charged by the testator on his books to his several children, and set aside one third of the balance for the life use of the widow; to the remaining two thirds they added the aggregate advancements made to the children and divided the sum thus ascertained in the proportions directed by the will, and from the share of each child so found they then deducted the advancements made to him or her respectively. Having thus determined the amounts of the respective shares of the widow and children in the principal of the residue, they then divided the income among the widow and children in like proportion. Neither the widow nor the appellant complained of this method of division of the principal, but the latter appealed from the decree of the court of probate accepting the distribution, in so far as the income was concerned. *Held :—*

1. That the intent of the provision in the will directing that the amounts charged by the testator on his books to his several children should be embraced in the inventory of his estate, was merely the designation of a mode in which the distribution should be made, in order to insure an equitable division among the legatees; and not to make such advancements assets of the estate.

2. That the acquiescence of the widow and the appellant in the distribution of the principal of the residue, had placed such a construction upon the testator's intent in respect to the advancements, that it could not now be changed, even if under other circumstances this court might have taken a different view; and as the income was distributed in the same proportions as the principal of the residue, the appellant had no cause of complaint.

[Argued May 29th—decided June 29th, 1894.]

APPEAL from an order and decree of the Court of Probate for the district of Norwich, accepting the return of the distributors upon the estate of Lorenzo Blackstone, deceased; taken to the Superior Court in New London County and tried to the court, *Prentice, J. ;* facts found and case reserved for the advice of this court. *Judgment of affirmance advised.*

The case is sufficiently stated in the opinion.

*Solomon Lucas*, for the appellant.

*Jeremiah Halsey*, with whom was *Willis A. Briscoe*, for the appellees.

FENN, J.   Lorenzo Blackstone, late of Norwich, died in 1888, leaving a last will by which he disposed of a large residuary estate, giving to trustees one third of the same in trust, to pay the income therefrom to his wife, Emily Blackstone, who is still surviving, during her life.   The other two thirds, by the fourth clause of his will, he directed should be divided into eighteen equal parts or shares, and these shares be disposed of to and among his five children, giving to the appellant, who is one of said children, four of such shares, one absolutely, the other three to be held in trust for his benefit. The sixth clause of said will is as follows: " There is to be deducted from the shares given to each of my said children, or in trust for their use in the fourth clause of this will, the amounts charged to them respectively on my books.   These amounts are to be embraced in the inventory of my estate."

On the 31st day of July, 1893, the distributors of said estate made return of their doings to the court of probate for the district of Norwich, which on said day accepted and approved said distribution.   In said instrument the distributors stated : " We have determined the amounts due to the residuary legatees under the will of said deceased, in accordance with the provisions of said will, to be the following :

| | |
|---|---:|
| Gross inventory, . . . . | $1,618,908.57 |
| Less debts, expenses and legacies, | 318,230.81 |
| Residue, principal, . . . | $1,300,677.76 |
| Advancements, . . . . | 199,470.95 |
| | $1,101,206.81 |
| $\frac{1}{3}$ in trust for life of Emily Blackstone, | 367,068.94 |
| Balance, . . . . . . | 734,137.87 |
| Add advancements, . . . . | 199,470.95 |
| | $933,608.82 |

$\frac{1}{18}$ of $\frac{2}{3}$ of this residue of principal=$51,867.15

J. D. T. Blackstone $\frac{4}{18}$=          $207,468.63 "

The above amount of $199,470.95 was the aggregate of the sums charged upon the testator's books, as mentioned in the sixth clause of his will, which were advanced by him to his children, in his lifetime, and were charged to the children to whom such advancements were respectively made; and charged also in an account on his books entitled " Distribution Account." By far the largest of these charges was to the appellant, the amount charged to him being $113,385.29. This the distributors deducted from the amount of $207,468.63 set to the appellant, leaving him as his share in the principal of the estate $94,083.34. Of this action the appellant does not complain. But in addition, the estate, during the nearly five years in which it was in settlement, had earned or produced income to the amount of $243,108.60, of which a separate account had been kept by the executors, and this amount of income the distributors had divided upon the basis of the following computation:

" Principal estate, residue, . . . $1,300,677.76
Less advancements, . . . . 199, 470.95

Estate producing income, . . . $1,101,206.81
$1,101,206.81 earned $243,108.60, or 22.07656 per cent.

|  | Shares. | Earned Income. |
|---|---|---|
| Mrs. Emily Blackstone, | $366,068.93 | 80,815.43 |
| J. D. T. Blackstone, | $94,083.34 | 20,770.37 " |

From the decree of the court of probate approving such action, the said J. De T. Blackstone appealed to the Superior Court, which made a finding embracing the above facts, and thereupon reserved the case for our advice.

The appellant in his reasons of appeal claims, in substance, that the distributors should have distributed to him, and in trust for him, $\frac{4}{18}$ of $\frac{2}{3}$ of the entire earned income to the time of settlement of the administration account, namely $36,006, instead of said sum of $20,770.37; and this raises the only question which the appeal presents for our consideration.

This involves a construction of the sixth clause of the testator's will, and the determination of the intention therein

manifested ; namely, whether the testator intended that each of his children should receive in the final settlement of the estate, however long deferred, their proportionate share or an amount equal to a specified number of eighteenth parts of the residue then on hand after deducting the sum charged to each of such children respectively ; or whether they should only receive such share, less such deduction, of the clear residue existing at the time the will became operative by the death of the testator, as such residue should be finally ascertained ; or, more briefly stated, whether the given number of eighteenths, less charges, was intended to be of a residue of principal existing at the death of the testator, or of principal, and interest thereon, existing at the time of distribution.

In favor of the appellant's contention on this point it is claimed that the amounts advanced by the testator to his children were directed to be inventoried, and were in fact inventoried, as a part of his estate, and that they were declared to be such by the testator in his will ; that "if the estate had been intestate there would have been no question as to when and how the several advancements should have been deducted, or that they should have been deducted from the estate existing at the time the estate was ready for distribution, which would have included not only the estate left by the deceased at the time of his death, but the earned income during the time of the settlement of the estate ; " that if the terms of the will leave this question in doubt, that construction which most nearly conforms to the statute of distributions should be adopted.

Opposed to this, it is to be considered that if the testator had not made provision in reference to these sums, they could in no wise have affected the prescribed testate shares of his children in his estate ; that the object of such provision was manifestly equality between such children ; between the three sons, each of whom received four eighteenths, and the two daughters, each of whom received three eighteenths of such residue. If the testator by his direction to embrace these amounts in the inventory of his estate intended, as the

appellant claims, to declare them to be his estate, he could hardly be presumed to have intended, in the interest of equality, that those in whose hands these unequal portions of what he thus elected to regard as his estate were, should, during the length of time required for settlement, enjoy so much of what would otherwise be coming to them, without accountability for interest, and yet be entitled to share fully in the income earned by the residue of the estate, during that period, as if no advancement had been made. It seems much more probable to us, however, that the testator by this provision as to inventory, did not intend to constitute these amounts charged, assets. They were not to be received by his children as a portion of the estate coming to them, but were to be "deducted" from such portion. Equality, indeed, required that for the purpose of ascertaining the share of each child, they should first be added to the amount to be divided among all the children, and then, from the fractional part of the amount so obtained to which such child appeared entitled, the sum advanced to such child should be deducted. Including the advancements for such purpose, of computation and equitable division only, does not constitute them portions of the estate. Taking the whole sixth clause together, the full intention seems to be, as we have before stated, the equalization of the several shares.

This intention is further evidenced by the provision in the third clause, as to the wife of the testator, to whom is to be paid during her life "the net income" arising from "one third of the balance of my estate." This is followed by the fourth clause, beginning with the expression: "The other two thirds of said residue shall be divided into eighteen equal parts or shares." In ascertaining the third to be set to the widow, the distributors followed the rule laid down in *Porter v. Collins*, 7 Conn. 4,—that her third did not include the advancements,—and their action was approved by the court of probate. Neither the action of the distributors, nor the approval of the court of probate has been appealed from. On the contrary, counsel for the appellant tells us in his argument in this court that the appellant regards that action

as correct. It seems to us that the action of the court of probate, so acquiesced in by all parties, has put a construction upon the testator's intent in respect to these sums called advancements, such that it cannot now be changed, even if this court under other circumstances might have put a different oné on it. But this third is to be ascertained as of the date of the death of the testator. *Lawrence v. Security Co.*, 56 Conn., 423. And since this one third is to be ascertained as of that date, it is not likely that the testator intended the other shares into which the remaining two thirds were aparted, should be ascertained as of a different and subsequent time, namely, that of the final distribution of such two thirds.

It may be further added that by the fifth clause of the will, upon the decease of the wife of the testator, the one third of his estate held in trust for her use is to be divided and aparted in precisely the same manner as the remaining two thirds were directed to be by the fourth clause ; preserving therein, also, the same idea of equality, so far as consistent with the perhaps peculiar preference manifested for sons over daughters.

For these reasons it seems to us it was the manifest intention of the testator, that in making the distribution of his estate there should be deducted from the share of said estate which was to be distributed to the appellant, and in trust for him, the amount charged on the books of the testator against him ($113,385.29), as of the date of the death of the testator ; and that there was properly distributed to him, as his proportional share of the income of said estate, such part only of the entire income as corresponded with his share of the clear residue existing at the death of the testator, as such residue was at last ascertained. The distributors therefore adopted the true rule, and the Superior Court is advised that the decree of the court of probate appealed from should be affirmed.

In this opinion the other judges concurred.