MARY H. BANCROFT *vs.* THE SECURITY COMPANY.

First Judicial District, Hartford, October Term, 1901.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and CASE, Js.

A residuary life legatee is entitled to the full net income of the bequest from the date of the testator's death, unless the will fixes a different time for the commencement of such life use.

A testatrix gave the residue of her estate to the defendant in trust and directed it to pay over the net income, semi-annually, to the plaintiff during her life, "the first payment to be made six months after the trust fund shall be paid to said trustee by my executors." *Held* that the words quoted fixed the time of payment and not the time when the bequest vested in point of right, and that the plaintiff was entitled to the income accruing after the death of the testatrix and until the residue was turned over by the executors to the trustee.

This income was accounted for by the executors in their final adminis-
tration account, and was included in the residue transferred by
them to the trustee under order of the Court of Probate. *Held*
that the action of the court was not an adjudication that the in-
come in question was a part of the principal of the trust fund, and
therefore the plaintiff, by failing to appeal, had not lost her right
to recover such income from the defendant when the first payment
became due from it by the terms of the will.

The case of *Lawrence* v. *Security Co.*, 56 Conn. 423, distinguished.

Argued October 3d—decided December 20th, 1901.

ACTION by the beneficiary of a trust fund to recover the
income which accrued between the date of the death of the
testatrix and the receipt of the fund by the trustee, brought
to the Superior Court in Hartford County, where a demurrer
to a portion of the answer was overruled (*Prentice, J.*), and
the cause was subsequently reserved (*Roraback, J.*) upon
an agreed finding of facts for the consideration and advice
of this court. *Judgment advised for plaintiff.*

The case is sufficiently stated in the opinion.

*William C. Case* and *William H. Ely*, for the plaintiff.

*Charles E. Gross*, for the defendant.

TORRANCE C. J.　The plaintiff is a daughter of Mary E.
Bancroft, who died in July, 1899, leaving by will certain
property to the defendant in trust.　By said will, after the
payment of debts and expenses of settling the estate, the
testatrix bequeathed $1,000 to each of her two brothers,
three small sums to two nephews and a niece, her wearing
apparel, books, pictures, and household effects of every kind,
and $1,000, to the plaintiff, and then disposed of the "rest
and residue" of her estate of every kind in the seventh and
eighth clauses of her will.

The main question in the case arises under the seventh
clause of the will, which reads as follows: "The rest and
residue of my estate of every kind I give to the Security
Company of said Hartford, in trust, for the following uses
and purposes, viz.; to take and have the entire management

of the same with power to sell, invest, and reinvest the same at its discretion, and in such securities as it shall deem for the best interest of said estate, and I direct said trustee to pay over the net income semi-annually, during her life, to my said daughter, Mary H. Bancroft, the first payment to be made six months after the trust fund shall be paid to said trustees by my executors."

The executors under said will filed their final administration account in the Court of Probate on the 27th day of January, 1900, and said account was, on the same day, duly accepted and allowed. In that account they charged themselves with the amount of the inventory, and also with the income of the estate after the death of the testatrix. On that same day the Court of Probate found that there remained for distribution the sum of $33,397.28 in personal estate, and ordered it to be transferred to the defendant, according to the terms of the will, which order was complied with. The defendant received the amount above specified, less the amount of the United States inheritance tax, accepted said trust and entered upon the duties thereof. No appeal was ever taken from the orders of the Court of Probate accepting said account and ordering distribution, and the time for taking any such appeal has passed.

Between the death of the testatrix and the time when said fund was turned over to the defendant, there had been received by the executors, as income of the estate accruing after the death of the testatrix, the sum of $1,361.90, as shown by the administration account; "but none of said sum has ever been paid to the plaintiff, either by the executors of said estate or by the defendant."

This suit is brought to recover the income thus accruing between the death of the testatrix and the time when the fund was turned over to the defendant; and the defendant claims that upon the aforesaid facts the plaintiff is not entitled to said income.

One of the important questions in the case is whether the plaintiff is entitled, under the will, to the income from the death of the testatrix, or only from the date when the estate

was turned over to the defendant by the executors; and the answer to this question depends upon the further question whether the will itself fixes the time when the life use of the plaintiff commences; for if it does so, the will must govern. The will does not in express terms fix such a time, but the defendant claims that the provision that the income shall be paid semi-annually, and that the first payment thereof shall be made in six months after the estate shall be turned over to the trustee, read in the light of the record in this case, does fix such time by necessary implication; and that the time so fixed is the date when the estate was turned over to the trustee.

We think this is not so. Giving to the provision in question all the weight to which it is justly entitled, we think it fixes, and was only intended to fix, the time of payment of income, and not the time when the right to income should vest. The express words of the will are: " I direct said trustee to pay over the net income semi-annually during her life to my said daughter; " and these words, standing alone, constitute a clear gift to the daughter during her life of the entire net income from the death of the testatrix. By them said entire net income is disposed of to the daughter, and to no one else; they define and describe the gift. The added words, fixing the time of the first payment of income, and thus, in effect, the time of all subsequent payments, ought not to be so construed as to cut down the extent of the gift, unless they are susceptible of no other reasonable construction. We think they are susceptible of a construction other than that contended for by the defendant. The construction contended for by the defendant would give to the plaintiff during her life only a part of the income accruing after the death of the testatrix, and to the remaindermen another uncertain, and perhaps large, part thereof, depending upon the time expended in the settlement of the estate. Reading the will in the light of the record, we think it expresses more clearly an intent to give the daughter, during her life, the entire income accruing after the death of the testatrix, than it does an intent to divide it between her and the re-

maindermen, and that the more clearly expressed intent should prevail. We think the will cannot fairly be regarded as fixing the date of the reception of the estate by the trustee as the time when plaintiff's life use begins, and incline to regard it as fixing the date of the death of the testatrix as such time ; but if this last is not so, then, at most, the case is one where the will has not fixed the time for the commencement of the life estate, and in such case the general rule applicable in such cases must govern. That rule is that where there is a bequest of the whole, or of an aliquot part, of the residue of an estate to a legatee for life, remainder over, and no time is fixed by the will for the commencement of such life use, the legatee is entitled to the use or income of the clear residue so bequeathed, as the same may at last be ascertained, to be computed from the death of the testator. *Lawrence* v. *Security Co.*, 56 Conn. 423, 439; *Bartlett* v. *Slater*, 53 id. 102, 106. Our conclusion on this part of the case is that, either under the will without reference to this rule, or under this rule as applied in the construction of the will, the plaintiff is entitled to the income here in question, unless she has, as the defendant claims, done or omitted to do something which bars her from claiming it.

The defendant claims, in effect, that the Court of Probate, in accepting the final account of the executors in this case, and in ordering the remainder to be distributed, as set forth in the record, thereby adjudged the income here in question to be a part of the principal of the trust fund ; that the plaintiff, having failed to appeal from such action of the court, is now bound thereby ; and the case of *Lawrence* v. *Security Co.*, 56 Conn. 423, 440, is cited in support of this claim.

The facts, however, in that case and in this are quite different. In that case it was the duty of the executors to pay the income to the life tenant during the settlement of the estate, and to pay no part of it over to the trustee of the fund. It was the right of the life tenant to demand and receive said income from the executors before the acceptance

of their final account, and before the remainder in their hands was distributed; and by the will itself none of the income in the hands of the executors was to be turned over to the trustee. Under these circumstances, when the Court of Probate and all concerned treated the income in the hands of the executors as part of the principal, and accounted for it, distributed and received it as such, and the life tenant, with full knowledge of all this, and having the right and the capacity to object and appeal, stood by and said and did nothing, it was held, and rightly, that she was concluded by the action of the Court of Probate.

In the case at bar the facts are quite different. It was not the duty of the executors to pay any of the income accruing during the settlement of the estate to the plaintiff, but to pay it all over to the trustee, with the fund, but not as part of it. It was not the right of the plaintiff to demand or receive any part of such income from the executors, before or after the settlement of the estate. Under the will the executors were to do just what they did do in making out their final account, namely, show the amount of principal and the amount of income in their hands; and that amount was to be distributed just as it was in fact distributed under the order of the Court of Probate. Under these circumstances there was no action taken by the Court of Probate which the plaintiff could rightfully appeal from. It was the duty of the court to accept the administration account showing both principal and income on hand, and it was its duty to order both principal and income to be turned over to the defendant; it was the duty of the defendant under the will to receive both principal and income from the executors, to keep the income as such, and to pay it over to the plaintiff at the end of six months; and it was the duty of the plaintiff to acquiesce in all these things. Under these circumstances it cannot be rightfully held either that the Court of Probate, in what it did, adjudged the income in question to be a part of the principal of the trust fund, or that the plaintiff consented to or acquiesced in any such judgment.

The Superior Court is advised to render judgment for the plaintiff. No costs in this court will be taxed in favor of either party.

In this opinion the other judges concurred.