JAMES H. WEBB, EXECUTOR, *vs.* MARY ANN LINES ET AL.

*First Judicial District, Hartford, May Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

In the absence of a contrary intent expressed in the will, a legatee for life, or for a term of years, of the income from a certain sum of money bequeathed in trust, is entitled to all the income earned by the trust fund since the testator's death, unless the same be required for the payment of debts. The beneficiary can, however, receive such income only through the hands of the trustee, to whom it should be turned over by the executor, as an increment of the fund, upon the settlement of the estate.

The rule that general legacies do not bear interest until one year from the death of the testator, unless otherwise provided, has no application to such a gift.

If the trust fund has not been separated from the *corpus* of the estate during its settlement, the average rate of income earned by the estate as a whole will be treated as the rate earned by the trust fund; and unless the will requires it, the executor is under no duty to make such separation.

The case of *Bartlett* v. *Slater*, 53 Conn. 102, commented on and distinguished.

Argued May 3d—decided June 14th, 1904.

* Transferred from the third judicial district.

SUIT to determine the construction of the will of Augustus E. Lines of New Haven, deceased, brought to and reserved by the Superior Court in New Haven County, *Ralph Wheeler*, *J.*, upon an agreed statement of facts, for the advice of this court.

Augustus E. Lines of New Haven died November 8th, 1902, leaving a large estate consisting chiefly of personalty, and a will which was duly probated. He was survived by his wife, Mary Ann Lines, his sister, Jane E. Lines, his foster-son, Harry K. Lines, and the latter's wife, Clifford C. Lines, and Lousie D. Lines, the daughter of Harry K. Lines. He left no children. By his will the testator gave his wife certain real estate, $25,000 in cash, and his furniture and personal effects. To his sister Jane, and the wife of his foster-son, he gave $1,000 each. He also made several personal and charitable bequests. In addition to these absolute gifts, he, in the third paragraph, gave to the plaintiff, Webb, as trustee, the sum of $120,000 in trust to pay over to his wife in quarterly payments the net income thereof during her life. Upon her death the principal of said fund was disposed of by absolute gifts, mostly charitable or educational. In the fourth paragraph the sum of $25,000 was similarly given in trust to said Webb to pay over the annual net income thereof to the testator's sister, Jane, as long as she should live, and upon her decease, or in case she was not living at his decease, to his foster-son, Harry K. Lines, so long as he should live. Upon his death the fund was given to the latter's daughter, Louise. In the fifth paragraph the sum of $15,000 was in like manner given in trust to said Webb to pay over the net income thereof to Clifford C. Lines, the wife of Harry K. Lines, so long as she should live. Upon her death said fund was given to said Louise. In the sixth paragraph the sum of $25,000 was similarly given in trust to said Webb to pay over to said Louise the net annual income thereof until she should become twenty-three years of age, and then to her absolutely. In the seventh paragraph the sum of $15,000 is in like manner given in trust to said Webb for the use and benefit of said Harry during his life, but

with the power in him to direct the application of the net income, giving or withholding as he should think best, what was withheld being added to principal, and no part of the income being liable to attachment while in the trustee's hands.    Upon the death of Harry said fund and its accumulations were given to Louise absolutely.    Louise was made residuary legatee, and Webb was made executor.    Webb qualified and is now sole executor.

All lawful claims and absolute legacies have been paid, and there remains in the executor's hand estate sufficient to pay all the bequests in trust and to leave a large residuary estate.

Said Jane E. Lines died January 12th, 1903, and the defendant Ida M. Adams is the executrix of her will.    All the other trust beneficiaries named are still living.

The average rate of income earned by the personal estate during the year following the testator's death was 4.14 per cent.    The estate was during that period managed as an entirety, and no separation into funds was made.

*James H. Webb*, for the executor.

*Frank S. Bishop*, for Mary Ann Lines.

*Samuel C. Morehouse* and *Arnon A. Alling*, for Louise D. Lines.

*J. Birney Tuttle*, for Harry K. Lines *et al.*

PRENTICE, J.    It is well settled in this State, as it is in many other jurisdictions, that " where there is a bequest of the whole, or of an aliquot part, of the residue of an estate to a legatee for life, remainder over, and no time is fixed by the will for the commencement of such life use, the legatee is entitled to the use or income of the clear residue so bequeathed, as the same may at last be ascertained, to be computed from the death of the testator."    *Bancroft* v. *Security Co.*, 74 Conn. 218, 222 ; *Lawrence* v. *Security Co.*, 56 id. 423 ; *Bartlett* v. *Slater*, 53 id. 102.

The gifts under review in this case do not fall under this description and rule, for the reason that the property, of which the income is given with remainder over, is specified sums of money and not portions of the residuum. The claim of the residuary legatee is, that the difference indicated is such a vital one that the beneficiary for life in the one case is to be deprived of that to which the life beneficiary in the other is entitled. We have searched in vain for some reason for the distinction thus attempted to be made. The principle invoked in support of the distinction is the well known one that general legacies do not, in the absence of a contrary testamentary direction, bear interest until one year from the death of the testator. This rule, however, it will be noticed, deals with interest which is given as compensation for the withholding of money and not with income earned. The rule, therefore, requires a corollary to make it fit a situation like the present. The necessity for this corollary is suggestive. The payment of interest upon a legacy involves a payment which may be, and to the extent it is unearned must be, an additional charge upon the corpus of the estate and serve to diminish it to the prejudice of the residuary estate. The rule relating to interest upon general legacies, which is said to have originated in the ecclesiastical courts of England, is not one founded upon the presumed intent of the testator, but was in its origin largely one of administrative policy and convenience. As applied to a bequest out of the corpus, it had and still has reasons to support it. When, however, it is sought to extend its application to gifts in trust to pay income only, to one during life or a term, so that the period of enjoyment shall be cut down one year, a radically different situation is encountered. Such bequests are in their essence, in so far as the life or term beneficiaries are concerned, bequests of income only. When income earned is paid over, nothing comes out of the corpus of the estate. What is paid can by no possibility be a charge upon the estate as the testator left it, or serve to diminish it to the prejudice of anybody. A beneficiary of the income of a trust fund who claims the income actually earned during

the first year is not seeking an accretion to that which was given him : he is seeking the very thing given. He is not seeking something in addition to his legacy : he is seeking his legacy. The testator has, by the terms of his will, given him the income of a fund definite in amount. If the testamentary intent is to be given its usual controlling weight in construction, it is difficult to discover, from language making an unrestricted bequest of the income of a fund, an intent that something less than the whole income should pass, and equally hard to preceive why or upon what theory the whole increment of the fund should not go to the beneficiary thereof, according to the natural construction of the testamentary language and the apparent testamentary intent. Such a course involves no violation of any rule of public policy, no interference with administrative convenience, and no possible prejudice to any one's rights or equities.

Courts of high authority have adopted this view, and held in substantial accord with the following expression of the New York Court of Appeals in *In re Stanfield*, 135 N. Y. 292, 297 : " If the estate is sufficient for the liquidation of debts and other charges, and is so invested as to be productive of income from the death of the testator, a bequest of income to a legatee for life must be construed to invest him with a title to such income from the date of the testator's demise, unless there is some provision in the will from which a contrary intent is to be inferred." *Cooke* v. *Meeker*, 36 N. Y. 15 ; *Sargent* v. *Sargent*, 103 Mass. 297, 299 ; *Ayer* v. *Ayer*, 128 id. 575, 577 ; *Hilyard's Estate*, 5 W. & S. (Pa.) 30 ; *Flickwir's Estate*, 136 Pa. St. 374 ; *In re Estate of Catron*, 82 Mo. App. 416. This court, in *Bancroft* v. *Security Co.*, 74 Conn. 218, in the course of its reasoning plainly foreshadowed the same conclusion, although it had no occasion to and did not directly pass upon the question.

The residuary legatee, however, relies upon *Bartlett* v. *Slater*, 53 Conn. 102, as authority for her contention. The facts of that case are easily distinguishable from those in this case, especially in respect to the express provision of the Slater will that the legacies, necessarily including the gift

in question as there was only one other, were to be paid within one year from the testator's decease, at the convenience of the executors ; and in respect to the absolute discretion given to the trustee as to whether or not any income should be paid over to the life beneficiary, and how much. The underlying question here involved seems not to have been called to the attention of the court and is not discussed by it. The familiar rule as to interest upon general legacies is cited, and it appears to have been taken for granted by all concerned that that was decisive of the rights of the life beneficiary unless the situation could be brought within some of the recognized exceptions to the rule, or some controlling contrary intent could be gathered from the provisions of the will. Although it must be confessed that the assumptions involved in the opinion give some countenance to the claim of the residuary legatee, the circumstances under which they were made were not such as to now entitle them to the controlling weight which ought to be given to a carefully considered and deliberate utterance, especially in view of the later expression in *Bancroft* v. *Security Co.*, 74 Conn. 218, and the cogent reasons in favor of the position outlined in the New York opinion quoted.

It is needless to say that the will in question discloses no intention to postpone the time from which the income, to be enjoyed by the several life and term beneficiaries, shall begin to run, to a date later than the death of the testator. The rule of presumption, therefore, applies.

It is also scarcely necessary to remark that the right of these beneficiaries to the income earned from the date of the testator's death does not involve the conclusion that they are entitled to demand it in quarterly payments as it accrues, where such payments are provided for, or even at the end of a year in the cases where annual payments are contemplated. We have been dealing with the question of the ultimate right of property. The right of present enjoyment is one which may be postponed, like that of any other bequest, according to the exigencies attending the settlement of the estate. The life beneficiaries can only receive the income

through the hands of the trustee.   The income earned before the fund is paid over to him goes with the fund as the earned increment of it.   The provisions for quarterly or annual payments apply to the trustee and control his action.   They do not control the action of the executor in his administration of the estate as such executor.

There remains to be considered the question as to how the earned income upon the several funds involved should be ascertained.   There has been no separation of funds.   The executor has kept the personal estate together and managed it as a whole.   It has been substantially all invested, but invested without any appropriation of investments to particular purposes.   The average yield of the personalty for the year in question was 4.14 per cent.   Clearly this is to be regarded as the basis of computation in determining the income of funds which in the final division will be separated from the now undivided corpus.

The widow makes a claim that she is entitled, for some portion of the year, to legal interest as distinguished from accrued income.   This claim is made upon the theory that under the provisions of the will it was the duty of the executor to separate the trust fund for her benefit from the corpus of the estate as soon as practicable after the testator's death, and that from the time when this duty should have been done she is entitled to interest.

The will did not impose upon the executor the duty suggested.   He has done nothing to bring upon himself or the estate the penalty sought to be exacted.

The Superior Court is advised (1) that Mary Ann Lines is entitled to have the net income which accrued during the first year after the testator's death upon the fund of $120,000, given in trust to pay the income thereof to her during her life under the provisions of the third paragraph of said will; (2) that Ida M. Adams, executrix of the will of Jane E. Lines, deceased, is entitled to have the net income which accrued from the death of the testator to January 12th, 1903, upon the fund of $25,000, given in trust to pay the income thereof to her during her life and then to Harry K. Lines

during his life, under the provisions of paragraph four of said will; (3) that Harry K. Lines is entitled to have the net income which accrued upon said last-named fund from said January 12th, 1903, to the end of the first year after the testator's death; (4) that Clifford C. Lines is entitled to have the net income which accrued during the first year after the testator's death, upon the fund of $15,000 given in trust to pay the income thereof to her during her life, under the provisions of the fifth paragraph of said will; (5) that Louise D. Lines is entitled to have the net income which accrued during the first year after the testator's death, upon the fund of $25,000 given in trust to pay the income thereof to her until she should arrive at the age of twenty-three years under the provision of the sixth paragraph of said will, the same to be paid to her lawful guardian; (6) that said Webb as trustee of the fund of $15,000, set apart in the seventh paragraph of said will, is entitled to receive from the executor the income which accrued during the first year after the testator's death upon said fund, the same when received to be treated by him as income of said fund in his hands under the provisions of said paragraph; and (7) that the net income for said year upon said several funds should be computed at the rate of 4.14 per cent.

In this opinion the other judges concurred.