## ALIX W. STANLEY ET AL., EXECUTORS, *vs.* ALIX W. STANLEY ET ALS.

First Judicial District, Hartford, January Term, 1928.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued January 6th—decided July 16th, 1928.

*Angela M. Lacava,* for the plaintiffs.

*Mortimer H. Camp* and *Margaret W. Perkins,* for the defendant trustees.

*Harrison Hewitt* and *George D. Watrous,* with whom, on the brief, was *Frederick W. Beach,* for the defendant Alix W. Stanley, individually.

*Lucius F. Robinson,* for the defendants Robert H. Stanley, Walter P. Stanley, Mortimer D. Stanley and Isabel Stanley, children of Walter H. Stanley.

*John H. Kirkham,* for the defendants Sadie McL. Stanley, Lawrence M. Stanley, Frederick N. Stanley, Theodore M. Stanley, Mrs. Katharine Stanley Wells and Mrs. Marion Stanley Crabbe, children of Theodore Stanley, and for John H. Light, administrator on the estate of Mary Peck Stanley.

*Earle A. Barker,* for the defendant Annie F. Stanley, widow of Albert W. Stanley.

WHEELER, C. J.   Our advice is asked as to whether "children" and "issue" as used in paragraphs three-five and sixteen of the will include those who died before the execution of the will. "Issue" are not referred to in paragraph three-five. The only one of the children of Walter H. Stanley who died before the execution of the will was Theodore Stanley.

It was conclusively determined in *Clifford* v. *Cronin,* 97 Conn. 434, 117 Atl. 489, that unless a contrary intent appeared in the will, a gift to a testator's brothers and sisters would not be construed to include a brother who died before the execution of the will.   It follows

that Theodore cannot be included among the "children of my brother, Walter H. Stanley," as found in paragraph sixteen. Nor can the provisions of paragraph seventeen of the will give the children of Theodore any interest under this paragraph for the reason that Theodore was not alive at the execution of the will and hence could not have been included among the legatees and devisees therein named.

Paragraph sixteen of the will disposes of the residue of the estate by dividing it into two equal parts, and giving one part to Alix W. Stanley and the other equal part to trustees to hold and invest during the lives of Mary Peck Stanley and Isabel Stanley, and the survivor, and to pay over one quarter of the net income to each of them during the lifetime of each and to pay the balance of the income, to be divided equally between the children of her deceased brother Walter H. Stanley, and the issue of any deceased child per stirpes.

We are asked as to whether "issue" as used in this paragraph includes those who died before the execution of the will. There were no such "issue." The terms of the inquiry do not express the question the parties desire to have answered, which, as we understand it, is: Does the word issue as used in the clause in paragraph sixteen, "among the children of said Walter H. Stanley, including the issue of any deceased child per stirpes," include those who died before the execution of the will?

The only issue to whom this could apply are the issue of Theodore Stanley. There were issue of Theodore in being at the time the will was executed, hence the principle stated in *Clifford* v. *Cronin, supra,* which excludes Theodore from among the children of Walter H. Stanley, is not applicable.

The gift is to the children of her brother and the

issue of any deceased child, thus indicating the intent of the testatrix to have been to make the gift to the issue of a deceased child who would take as primary beneficiaries, a share equal to that of the children of Walter then living.

We are further asked: Does the widow of Theodore Stanley take anything under paragraph sixteen?

We answer, she does not. She cannot take under paragraph sixteen because her husband Theodore did not take, and she does not come within the class designated as "issue."

We are next asked whether the widow of Albert would take under paragraph three-five and paragraph sixteen, the share her husband would have taken if living at the death of the testatrix?

It is undoubtedly our rule that a gift to a class, in the absence of a contrary intent, comprises those who were living at the decease of the testatrix. Since Albert was not living at her decease he could not take as a member of the class—"children of Walter H. Stanley."

But the terms of paragraph seventeen apply to any legatee not living at the decease of the testatrix, and in that event the testatrix expressly bequeaths and devises the property he would have received whether he died testate or intestate. He died testate, leaving no issue, and leaving all of his estate to his wife, Annie F. Stanley, who would thus take, not in virtue of the terms of paragraph sixteen, but of those of paragraph seventeen, had not the other provisions of paragraph seventeen explicitly excluded from its benefits those taking under the trust fund created in paragraph sixteen. So that this exception would exclude the widow of Albert Stanley from participation in any share of this trust fund.

Since the exception of paragraph seventeen only

excludes from its benefits those taking under the trust fund, any other bequest or devise in this will to the children of Walter H. Stanley would include Albert among these children; therefore he would take under paragraph three-five as one of the children. His wife, as the sole beneficiary under his will, would take in virtue of the provisions of paragraph seventeen the share which would have been his if living.

One of the life beneficiaries under the trust created in paragraph sixteen, Mary Peck Stanley, having died, we are asked whether the one-quarter share of the income given to her for life falls into the "balance" of net income which is to be paid over to the children of Walter H. Stanley and the issue of any deceased child during the continuance of the trust. No provision is made giving the surviving life beneficiary the one-quarter income received by the deceased life beneficiary. The provision for the payment of the net balance of the income to the children of Walter H. Stanley necessarily includes not only the one half of the net income after the payment of one quarter to each of the life beneficiaries, but also such net balance as has accrued from the one quarter part which the deceased life beneficiary received. No other specific provision for its disposition is made in the will.

The next question propounded for our advice is: What disposition should be made of the income accruing during the settlement of the estate—whether it should be divided equally between Alix W. Stanley and the trustees for the beneficiaries, or one half of this income should be paid to the trustees for the beneficiaries, and the other half added to the residue and divided equally between Alix W. Stanley and the trustees, or if neither of these methods is correct, what is the proper method of division of this income?

The testatrix intended to give and did give in paragraph sixteen, one half of the residue to Alix W. Stanley and one half to the trustees for the benefit of the beneficiaries.

There is no indication of an intention upon her part to give Alix W. Stanley a greater share of the residue than the one half. Equality in the disposition of the residue was her purpose.

A general legatee is entitled to no part of the income earned by the estate in the course of its settlement and no interest upon his legacy.

The bequest and devise to Alix W. Stanley of one half the residue absolutely was a general bequest and devise and did not draw to itself the income earned upon it during the settlement of the estate. *Bradford* v. *Haynes,* 20 Me. 105; *Hays* v. *Jackson,* 6 Mass. 149-154; *Fairer* v. *Park,* L.R. 3 Ch. Div. 309; 40 Cyc. 1877; 2 Williams on Executors, 1172, 1177.

All that Alix W. Stanley can receive under this residuary clause is one half of the residue.

The interest of the trustees of the other one half of the residue, in the income earned upon their one half, is an interest which the law gives to the trustees for the beneficiaries for whom they administer their trust.

There is a principle of law which is entirely settled in our State, and which is, we judge, the law of the land. "It is well settled in this State, as it is in many other jurisdictions, that 'where there is a bequest of the whole, or of an aliquot part, of the residue of an estate to a legatee for life, remainder over, and no time is fixed by the will for the commencement of such life use, the legatee is entitled to the use or income of the clear residue so bequeathed, as the same may be ascertained, to be computed from the death of the testator.' " *Webb* v. *Lines,* 77 Conn. 51, 53, 58, 58 Atl. 227; *Bishop* v. *Bishop,* 81 Conn. 509, 525, 71 Atl. 583; *Bancroft* v.

*Security Co.*, 74 Conn. 218, 222, 50 Atl. 735; *Lawrence* v. *Security Co.*, 56 Conn. 423, 439, 15 Atl. 406; *Bartlett* v. *Slater,* 53 Conn. 102, 106, 22 Atl. 678.

The reason we give for this rule we state in *Webb* **v.** *Lines, supra:* "A beneficiary . . . of a trust fund who claims the income actually earned during the first year is not seeking an accretion to that which was given to him: he is seeking the very thing given. He is not seeking something in addition to his legacy: he is seeking his legacy."

The residuary clause gave to the trustees the remaining one half to hold and invest and pay over the income earned upon it to designated persons during the lifetime of these beneficiaries and at their decease to divide the trust fund among designated persons. No time having been fixed by the will for the commencement of the life use, it began at the death of the testatrix.

When the testatrix made her will she is presumed to have known that under our law the gift of this one half of the residue carried the income earned upon it, while the gift to Alix W. Stanley did not.

The residue is that portion of an estate that remains after the payment of debts, legacies and administration charges. Into it and forming a part of it, must go all legacies which are void or have lapsed, or become impossible of fulfillment, and also the income and accretions of the estate which are undisposed of. The residue includes every part of the estate not otherwise disposed of by the will.

The Court of Appeals of New York stated the rule in these terms: "This part of the income was undisposed of and the rule is now the same as respects devises and bequests, that any part of the estate not legally disposed of becomes a part of the residuary estate and passes under a residuary clause embracing

both real and personal property, in the absence of a contrary intention found in the will." *Matter of Allen,* 151 N. Y. 243, 249, 45 N.E. 554.

It is true neither the residue exclusive of the income nor the income earned during the settlement of the estate could be known until the settlement of the estate, but it was always known that the law gave the income earned upon the trustees' one half to them for the use of these beneficiaries, and measured its amount by the average earnings of the estate.

The other one half of income earned did not belong to Alix W. Stanley, for he was a general legatee, nor to the trustees for their beneficiaries, since they had received all the income which their one half had earned. The will does not dispose of it otherwise than by the residuary clause. Necessarily it became a part of the residue and subject to the disposition made of all the residue, one half to Alix W. Stanley and one half to the trustees for the beneficiaries. *In re Benson,* 96 N.Y. 499, 511.

The entire residue has thus been divided equally and in accordance with the terms of the residuary clause. The income from the one half given to the trustees never became a part of the residue, but by operation of law became the property of the trustees for the beneficiaries of the trust fund.

We are asked, in view of the conclusion reached as to the disposition of the undisposed of income, whether it became principal or income. The answer is necessarily involved in preceding answers. It became a part of the residue and hence principal.

The questions are in some instances inartificially framed. We answer them in the order in which we have discussed them, and in one question, under five, as we understand from the briefs of counsel, as they desire rather than in the form worded.

We advise the Superior Court:

As to question 5: (a) The term "children" as used in paragraphs three-five and sixteen does not include the children of Walter H. Stanley, and hence Theodore, who died before the execution of the will. (b) The term "issue," as used in paragraph sixteen, does include among the children of Walter H. Stanley the issue of any deceased child. (c) The widow of Theodore Stanley does not take anything under paragraph sixteen.

As to question 6: The widow of Albert Stanley takes under paragraph three-five the share her husband would have taken, if living at the death of the testatrix, but takes nothing under paragraph sixteen.

As to question 7: The one-quarter share of the income given under paragraph sixteen to Mary Peck Stanley, deceased, for life during the continuance of the trust became, upon her death, a part of the balance of the net income and is to be distributed among the children of Walter H. Stanley and the issue of any deceased child during the continuance of the trust.

As to questions 2 and 3. (a) The income accruing during the settlement of the estate should be divided, one half thereof to be paid to the trustees for the life beneficiaries, and the other or undisposed of one half added to the residue and divided equally between Alix W. Stanley and the trustees for the life beneficiaries. (b) The undisposed of income accruing during the settlement of the estate and distributed to the trustees, in their hands becomes and is principal to be added to and to become a part of the trust fund under paragraph sixteen.

In this opinion HAINES and HINMAN, Js., concurred.

MALTBIE, J. (dissenting). I am not able to agree with the portion of the opinion which determines the disposition of the income earned upon the residue. As I read the opinion, it rests its conclusion upon two propositions, that the life tenants are entitled to the income from the death of the testatrix upon the principal sum which forms the trust fund established for their benefit, and that the income of the other one half of the residue, being undisposed of by the terms of the will, falls into the principal of the residue, to be divided as such between Alix W. Stanley and the trustees. As to the first proposition, the rule of law embodied in it is of course not disputable, but the difficulty is in the application which the opinion makes of it. It is obvious that when the life tenants are given one half the income earned by the residue, and then the one half of the residue which goes to the trustees is increased by the addition of a quarter of the income, the life tenants are not given the income from the death of the testatrix upon the sum forming the principal of the trust but upon a sum less than that by one quarter of the income. The difference in dollars and cents is not•great, but it indicates pretty clearly a flaw in the reasoning of the opinion.

The second proposition, that the income earned by the residue, except for the portion going to the life beneficiaries, is to be treated as a part of the principal, I regard as the source of that error. The residuary legatees take any income earned by the residue not otherwise disposed of because it has nowhere else to go and there is ordinarily no need to consider whether they take it as a part of the principal of the residue or as an increment to it by way of income. Wherever, so far as I can find, there is need to make the distinction, it is treated as income and not as principal. Take the first proposition I have discussed: It is an applica-

tion to a gift of a part of the residue in trust for life beneficiaries, of the principle that where a testator makes a gift for the benefit of life beneficiaries, he is presumed to intend that they have the income from the death of the testator; but it can only apply to such a gift of part of the residue by regarding the amount earned by it as income and not as principal. Of the application of this principal to such a gift we said: "When, however, it is sought to extend its application to gifts in trust to pay income only, to one during life or a term, so that the period of enjoyment shall be cut down one year, a radically different situation is encountered. Such bequests are in their essence, in so far as the life or term beneficiaries are concerned, bequests of income only. When income earned is paid over, nothing goes out of the corpus of the estate. What is paid can by no possibility be a charge upon the estate as the testator left it, or serve to diminish it to the prejudice of anybody." *Webb* v. *Lines,* 77 Conn. 51, 54, 58 Atl. 227. Another situation which has occurred not infrequently is where there is a general residuary bequest contingent in its terms and the question arises as to the disposition of income earned pending the determination of the contingency. While it seems to be established law that the income accumulates for the benefit of the party ultimately entitled to the residue, that result is not reached by the simple process of saying that income earned falls into the principal of the residue and passes as a part of it; *Hurford* v. *Haines,* 67 Md. 240, 244, 9 Atl. 540; and of such a gift Chancellor Westbury said that the income "follows the principal as an accessory." *Bective* v. *Hodgson,* 10 H.L. Cas. 656, 665. It boots nothing, as regards a residuary gift, to invoke the rule that a general bequest does not ordinarily carry income earned, because

in fact the residuary legatees do from the necessity of the case get the income earned upon the residue.

The true solution of this case lies in the consideration of the fact that the beneficial ownership of the property of a deceased person vests at his death in those who by will or the statute of distributions ultimately are to receive it, subject to the right of the executor or administrator to hold and use it for the purposes of administration and the further fact that, as in the case of any property held in a trust relationship, income earned, so far as the testator has not specifically disposed of it and the law does not presume an intent on his part, belongs to those having the beneficial interest. In the instant case, the beneficial ownership of one half of the residue vested in Alix W. Stanley and of the other one half in the group of beneficiaries represented by the trustees. Income earned upon it should go one half to Alix W. Stanley and one half to the trustees, the latter half to be paid over by them forthwith to the life beneficiaries. By such a solution the rule which gives the life beneficiaries the income upon the principal of the fund held in trust for them from the death of the testatrix would be kept intact and her evident desire for equality would be effectuated, in that the same amount would go to Alix W. Stanley on the one hand and to the group of beneficiaries represented by the trustees upon the other.

I accept the tacit assertion of the majority opinion that we have no case in this State which assists materially in the solution of this problem, although in *Blackstone's Appeal,* 64 Conn. 414, 30 Atl. 48, there was a division of income earned upon the residue in consonance with the principle I am advocating. Nor is there need to follow counsel for Alix W. Stanley in the series of implications they draw from our decision in *Bridgeport Trust Co.* v. *Fowler,* 102 Conn. 318, 329,

128 Atl. 719. We were there concerned with the way in which income earned by personal property sold or used to pay debts and administration expenses should be accounted for, and, as appears clearly if the opinion is read in connection with the cases cited, we merely held that, where justice requires, the sums paid to satisfy legacies, debts and charges should not be accounted for as coming entirely from principal, but were to be regarded as paid by the use of so much of the principal as would, together with an amount of earned income thereon determined by applying the average rate of earnings of the whole estate, equal the amount paid. The rule there laid down, when applicable, does have the effect of exhausting the income earned by that part of the principal of the estate which is used to pay debts, legacies and like charges, leaving in the residue only such income as is earned by it. Applied in the instant case, it would increase somewhat the principal in the residue and decrease the amount of income to be distributed. The case of *In re Benson*, 96 N.Y. 499, does support the conclusion reached in the majority opinion, but the opinion in that case does not bear analysis in the light of the results it attains.

In this opinion BANKS, J., concurred.