ESTATE OF ADA M. WILKINSON, CENTRAL HANOVER BANK AND TRUST COMPANY, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6038. Promulgated December 13, 1945.

*Denis B. Maduro, Esq.*, for the petitioner.
*Charles P. Reilly, Esq.*, for the respondent.

**OPINION.**

ARUNDELL, *Judge*: The sole question involved in this proceeding is the proper amount of deduction allowable to the estate of the decedent for previously taxed property under section 812 (c) of the Internal Revenue Code.[1]   Petitioner takes the view that it is entitled to a deduction in an amount of $2,477,631.67 which is the aggregate value of nineteen items of property which were included in the earlier estate, which items (or others exchanged therefor) are included in decedent's estate at a higher valuation.   Respondent, on the other hand, contends that a legatee who receives property from a decedent's estate before the estate's debts are paid and thereafter pays the debts out of his own funds is a purchaser of the property to the extent of the debts so paid. Debts, taxes, and expenses against the prior estate in the amount of $1,080,961.77 were paid by the decedent herein and the respondent argues the deduction above claimed should be reduced by that amount.

We think the respondent must prevail.   Under the clear and un-

[1] SEC. 812. NET ESTATE.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(c) PROPERTY PREVIOUSLY TAXED.—An amount equal to the value of any property (1) forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent, or (2) transferred to the decedent by gift within five years prior to his death, where such property can be identified as having been received by the decedent from the donor by gift, or from such prior decedent by gift, bequest, devise, or inheritance, or which can be identified as having been acquired in exchange for property so received.   &ast; &ast; &ast;

ambiguous terms of her benefactors' will, the decedent was entitled to receive "the rest, residue and remainder" after the payment of debts, funeral, and testamentary expenses. By the law of Connecticut, the "residue" of an estate is that portion of an estate which remains after the payment of debts, administration expenses, legacies, and other proper charges against the estate. *First National Bank & Trust Co.* v. *Baker*, 124 Conn. 577; 1 Atl. (2d) 283; *Central Hanover Bank & Trust Co.* v. *Nisbet*, 121 Conn. 682; 186 Atl. 643; *Stanley* v. *Stanley*, 108 Conn. 100; 142 Atl. 851. Section 812 (c), *supra*, permits of a deduction for property previously taxed only to the extent that "such propery can be identified as having been received by the decedent from the donor by gift, or from such prior decedent by gift, bequest, devise, or inheritance * * *." Had the administration of the prior decedent's estate been carried out in a normal manner and completed in the customary way, the decedent, as residuary legatee, would have received only that property which was left after payment of the expenses in question. Hence, we think it follows that the decedent received by "gift, bequest, devise, or inheritance" only the residue of the prior estate after deduction for the debts and charges in question, and, to the extent that the property obtained by decedent exceeded that to which she was entitled under the will of her benefactor, it may not be regarded as coming within the letter or intendment of the statute. Cf. *Bahr* v. *Commissioner*, 119 Fed. (2d) 371, affirming *Estate of Eugene L. Bender*, 41 B. T. A. 80. The court there, speaking of a forerunner [2] of the statute in question, pointed out that the language used is adapted to one or more particular pieces of property specifically given or inherited and that it is not adapted to an unadministered estate as a whole.

Our attention has not been called to, nor have we found, any cases which may be said to be dispositive of the issue herein. The petitioner relies principally upon *Brewster* v. *Gage*, 280 U. S. 327; *Moore* v. *Commissioner*, 146 Fed. (2d) 824, affirming 1 T. C. 14; and *Commissioner* v. *Garland*, 136 Fed. (2d) 82, affirming 46 B. T. A. 1243, none of which appears to be directly in point. In the *Garland* case, *supra*, the precise question here involved was conceded by the taxpayer when it agreed that the claimed deduction should be reduced by $14,000 representing unpaid debts of the prior decedent. If there is to be any inference taken from the language of the appellate court, we think such inference favors the result we have reached.

The deduction allowable for previously taxed property as computed by the respondent is upheld.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

---

[2] Sec. 303 (a) (2), Revenue Act of 1926, as amended by sec. 806 (a), Revenue Act of 1932.