Geoghegan, J.
Appeal from the probate court upon exceptions to the account of the executrix herein.
This appeal presents four questions for consideration and they will be taken up in the order that they were presented by counsel upon the hearing of this appeal.
1. The contention is made that the executrix, who is the legatee of the income from the residuary estate for and during the term of her natural life, did not charge herself with the income received from the property during the eighteen months next succeeding the admission to probate of the will of the decedent. This exception should not be sustained. In the case of a bequest of life estate in a residuary fund, if no time is prescribed in the will for the commencement of the interest or the enjoyment of the use or income of such residue, the legatee for life is entitled to the interest or income of the clear residue, as afterward ascertained to be computed from the time of the death of the testator. This is the rule that is supported by the great weight of authority. 40 Cyc., 1882; Schouler on Wills, Section 1479; Lawrence v. Security Co., 56 Conn., 423; Dawson v. Rake, 44 N. J. Eq., 506; Corle v. Monkhouse, 47 N. J. Eq., 73; Matter of Benson, 96 N. Y., 499; Bancroft v. Security Co., 74 Conn., 218; Weld v. Putnam, 70 Me., 209; Brown Estate, 190 Pa. St., 464.
In this case the testator, after the payment of his debts, gave and bequeathed to the executrix herein, his wife, the income of all his estate, real and personal, during her natural life. This was a general bequest of an income from the residuary fund of his estate, and under the authorities hereinbefore cited, this *62 bequest commenced to run from the moment of the death of the testator.
2. An exception is taken to the account of the executrix in that it charges the estate with a disbursement of $2,000 to said executrix, as and for her first year’s allowance. The assertion is made that inasmuch as there was a bequest of the total income to the widow, her statutory first year’s allowance can not be had when she elects to take under the will which gives her the entire income. This matter was effectually disposed of by Judge Banney in Collier v. Collier, 3 O. S., 369, and an examination of the statutes does not show that the Legislature has ever evinced an intent to destroy the holding of the Supreme Court in that case, but rather to support it, with the exception, however, that the statute now provides that an election to take under the will does not bar the widow of her year’s allowance, “unless the will expressly otherwise directs.” General Code, Section 10572; Estate of Bierdon, 5 N. P., 516. Therefore, as the will does not express]y direct that the bequest of the income is in lieu of the first year’s allowance, the exception to this charge should be overruled.
3. The third exception, is directed to the amount of statutory compensation charged. 'The executrix charged a statutory compensation upon the whole estate amounting to $65,324.16. Counsel for the:exceptors claim that the compensation should be only upon the actual amount of cash received and disbursements made, amounting to $5,901.67. The account shows a separation of the securities from the cash collected, and further shows that the securities were to be held by the executrix for the purpose of paying the income therefrom to herself individually during her life, as provided'for in Item II of the-will. I know of no reason why she should not be allowed compensation upon the total amount of personal property handled and held by her. One of the important functions of her office as executrix was to preserve intact, in so far as possible, the securities which formed the corpus of the estate; to sell such of them as might be necessary to pay the debts of the estate, and upon the filing of her account, to turn same over to the proper person, which was in *63 this instance herself, to carry out the provisions of the trust. She did this, and there does not seem to be any reason why she should not be allowed the statutory compensation upon the whole amount. The court below seemed to take the view that, inasmuch as an administrator de bonis non would have to be appointed to make a final distribution to the remainderman, the compensation ought to be apportioned, so he allowed the executrix $1,000, reserving the balance of $426.45 to her successor.
While it is true that the general rule of law is that where the residue of the estate is bequeathed to the executors as trustees for certain purposes, and the duties of the executors as such are distinct from those as trustees, they are entitled to commissions in both capacities, still I think that in view of the peculiar provisions of this will, which does not in terms provide that Louise Messang shall be trustee, but always refers to her as executrix, even in the item which gives her a power of sale, and a duty to invest or reinvest the proceeds thereof, that the general rule laid down in Johnson v. Lawrence, 95 N. Y., 154, should be applied here. In that case, Finch, J., stated the reasons of the application of the rule to be as follows:
“It is apparent that from the very beginning the duties of the executors were blended inseparably with the trust duties, and were so intended to remain. * * * There was no point of time, * * * at which it could be said that one function ended and the other began. As a trust duty it sprang into life at the same instant with the executorship, and inextricably blended with it.”
It may be true that in this case the blending of the two functions is not as complete and as inseparable as in the case just cited; nevertheless, there is sufficient blending to the duties to justify the application of the rule just referred to.
4. An exception is also made to the allowance of $1,200 as attorney’s fees in this matter. Counsel for the executrix, when the exceptions were heard below, was subjected to a very long examination, and upon the conclusion thereof, the allowance of $1,200 to him as fees was sustained. I have examined very carefully the transcript of the testimony, which was filed here *64 with, and am convinced that his services were of such character as would not warrant a disturbance of this allowance at this late date. The probate judge who heard this cause has had a long experience in matters of this kind, especially in fixing fees and allowances to counsel, and I would be inclined in most cases to follow his view in the matter, unless it would seem to be so clearly unwarranted by the facts as to occasion a belief that it was done hastily and without due regard to the evidence presented and the surrounding circumstances. However, in this case, the hearing seems to have been full and complete, and my own view of the matter is that the allowance is not exhorbitant.
A decree may be prepared in accordance with these findings.