EDMOND BOWDRE, complainant, vs. WILLIAM S. JONES, Administrator with the will annexed of Edward Bowdre, deceased, defendant.

A will gave to a grandson of the testator six negroes by name, and $5,000 in cash, to be delivered over to him on his arriving at twenty-one years of age. It made his maintenance and education a charge upon the general estate; it disposed of the rest of the estate to other legatees,—and, by a codicil, it directed the whole estate to be kept together, and not divided without the consent of testator's wife: *Held*, that the pecuniary legacy was a general one, and did not bear interest during the minority of the grandson; and that, owing to the peculiar scheme of the will, the legacy of the negroes, though specific, did not carry hire during that period.

In Equity. In Richmond Superior Court. Demurrer decided by Judge Hook. October Term, 1864.

Edward Bowdre, by his last will and testament made on 23d April, 1850, gave his grandson, the complainant, six negros, describing them by name, and $5,000 in cash, to be delivered over to him when he had arrived at the age of twenty-one years; also, directed that he should be educated out of testator's general estate. A similar bequest of negroes and money was made to another grandson of the testator; and then the will declared that if either of the grandsons died before arriving at twenty-one years of age, the bequest to him should go to the survivor; and if both died before that age, the whole should revert to the general estate.

By a codicil made the next day, the testator directed that all the property disposed of by his will should be kept together and not be divided unless his wife should consent to the division of the same.

Testator died in 1853. The complainant received education and support, or maintenance, out of the testator's estate until he was of age; and then the negroes and the $5,000 in cash were turned over to him, but nothing for hire or interest.

He brought his bill to recover these, claiming that both ran in his favor from the death of the testator; that is, hire for the negroes, and interest on the money-legacy.

The defendant demurred to the bill; and the Court sustained the demurrer as to the interest, but overruled it as to the hire.

Both parties excepted, the complainant to the decision touching interest, and the defendant to that touching hire.

J. C. & C. Snead and A. H. Stephens, for complainant.

Starnes, for defendant.

HARRIS, J.

We concur with our brother Hook in his decision on the demurrer to the bill of complaint, that the money legacy given by the grandfather is not specific, and consequently does not bear interest except from the time appointed for its payment.

We recognize, fully, the well settled rule, that specific legacies generally carry with them the right of the legatees to income or interest. It is a rule not made by legislation but by the Courts, solely with a view to give effect to what was conjectured to be the design of the testator. It is apprehended that the clear intention of the testator must, if it can be ascertained by any process, control the rule of construction mentioned.

Whilst we think our highly esteemed brother has distinguished, in his elaborate opinion contained in the record, with great accuracy, between general and specific legacies; the importance of the two provisions, in will and codicil, bearing on the question whether hire should be allowed the legatee on the specific legacy of named slaves, was not considered with his usual care.

The provisions are, first, that in the *will*, for the support and education of his grandson, the complainant, as a continuing charge on testator's *estate in general*, until complainant attained his majority. The second is in the *codicil*, a paper executed the day after the making of the will, viz: "That the whole of his property be kept together by his wife, and not divided without her consent."

If it be true, as we find in the elementary books on legacies, that interest or income was decreed originally in chancery, in case of a specific legacy to a child, upon the ground, solely, that where no provision had been made for maintenance and education, it would presume the intention of the testator to allow interest, the reason of the rule has no existence here. The *whole* estate, including all the

51

legacies, is charged, until the complainant attains the age of twenty-one, with his support and education. Why should interest be given on the specific legacy to complainant, when the testator has made ample provision for his support and education—the only reason on which the allowance of interest was made (the omission to provide) not existing here? The rule never was designed to apply to a case like this. If it was enforced here, the Court would violate the rule which forbids any construction which would seem to give a double portion.

The codicil having given a life estate, or during her pleasure, in all the property of the testator, it is apparent there is no residuary fund—no income from crops or hire of negroes, from which, if interest was allowed complainant, it could be paid. Such construction should be given as would prevent an abatement of legacies.

We pass over the fact that complainant is a " grandson," not a child, of testator, (in favor of the latter, only, was the rule of construction made) as, in the view we have taken of this case, the degree of relationship is unimportant to its decision. We have not the shadow of doubt, that the testator intended to give only the negroes, without income thereof to the period when they were to be delivered to legatee.

That portion of the decision on demurrer which affirmed the right of claimant to income, is reversed; the other portion of the decision, denying the right of complainant to interest on the money legacy, is affirmed.