### CHARLES C. FORD *vs.* JOSEPH HUBINGER.

Third Judicial District, New Haven, January Term, 1894. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

It is no ground of abatement that the plaintiff is the assistant clerk of the court in which the action is brought. The mere opportunity to do wrong which an officer or servant of the court has, does not deprive the court of jurisdiction.

The plaintiff sued to recover for services rendered the defendant in negotiating for the purchase of certain real estate afterwards bought by the defendant. The defendant claimed to have proved that he had paid the plaintiff a certain sum, which the latter received and accepted in full of all claims and demands on account of such services; and requested the court to charge the jury that if they should so find, the plaintiff could not recover, even though he might originally have been entitled to more. *Held*, that the request was a proper one and should have been

complied with, either in the words of the request or in equivalent lan-
guage; and that the failure to so charge was error.

If payment was made and accepted as claimed by the defendant, he might
rightfully and without further liability to the plaintiff avail himself of
such services in any subsequent purchase by him of the property.

[Argued January 24th—decided February 19th, 1894.]

ACTION to recover for services rendered the defendant in
negotiating for the purchase of certain real estate ; brought
to the Court of Common Pleas in New Haven County and
tried to the jury before *Hotchkiss, J. ;* verdict and judgment
for the plaintiff and appeal by the defendant for alleged er-
rors in the rulings and charge of the court. *Error, and new
trial granted.*

The defendant also filed a motion for a new trial for a ver-
dict against evidence.

The defendant pleaded in abatement and to the jurisdic-
tion of the court, because the plaintiff was the assistant clerk
of the court. To this plea the plaintiff demurred, and the
court sustained the demurrer.

The defendant's second defense alleged that the plaintiff
undertook to purchase for the defendant said real estate for
the sum of $90,000, and that it was an express condition of
the agreement that if he succeeded in making the purchase
for that sum, then the defendant was to pay him therefor
the sum of $200, and no more ; and that if he did not suc-
ceed, then the defendant was to pay him nothing but his
expenses ; that the plaintiff did not succeed in making the
purchase, and abandoned all effort to do so ; that he rendered
his account to the defendant amounting in the whole to $60.00 ;
—" and thereupon the defendant paid the same and the
plaintiff received and accepted said sum in full satisfaction
of all claims against him, for and concerning the matters set
up in said complaint." This defense was denied by the
plaintiff. This payment was claimed to have been made
about the first day of September, 1891.

Upon the trial the defendant offered evidence tending to
prove and claimed that he had proved the allegations of said
defense.

It appeared that the defendant in February, 1892, purchased the said real estate of the owner for the sum of $100,000.

The defendant asked the court to instruct the jury as follows: "The defendant claims that in September, 1891, he paid the plaintiff a sum of money which was accepted by the plaintiff in full of all demands and claims in the premises, and if the jury find that said sum was so paid by the defendant, and was so accepted by the plaintiff, the plaintiff cannot now recover any more even though he might originally have been entitled to more."

In the charge to the jury the judge referred to this claim of the defendant and to the above request several times. He said: "If you find that it (said payment) was in full settlement, and that Ford was then discharged, and that the final purchase by Hubinger was not facilitated by what Ford had done, then he would be precluded from further recovery." In another part of the charge he said: "If, on the contrary, you find that the defendant once employed the plaintiff and settled with him and dismissed him, and the plaintiff did no more for Mr. Hubinger, and that his services did not facilitate the purchase of this property, that the contract was ended, then you cannot properly find for the plaintiff and should find for the defendant." In another place after reading to the jury the plaintiff's request, as above, the judge said: "I have modified that so it will read as follows: ' The defendant claims that in September, 1891, he paid the plaintiff a sum of money, which was accepted by the plaintiff in full of all demands and claims in the premises. And if the jury find that such sum so paid by the defendant, and so accepted by the plaintiff in full ' here I add: ' and the defendant did not authorize the plaintiff to proceed and continue in his service, and did not afterwards in the purchase of the property avail himself of the plaintiff's efforts and services, and such services did not facilitate the purchase, then the plaintiff cannot recover any more even though originally he might have been entitled to more '—and I will add, ' provided it was the intention of the plaintiff to release him from

any further claims in the matter, so far as having been origi-
nally entitled to recover more, and having given a receipt
which claimed to have been in full.' In other words, (I
didn't get the entire meaning of that request in looking it
over) : As I understand it that request to charge is, that if
the defendant paid him in full of all demands in September,
then he would not be entitled to recover any more, even al-
though he may originally have been entitled to more ; while
if the plaintiff, with full knowledge of all the circumstances,
and intending to give the defendant a receipt in full of all
his demands, accepted this sum, it would be a receipt in full ;
but if he only intended to apply it on account, or if it was
only on account of certain services, and with the expecta
tion that if the sale was thereafter consummated he would
be entitled to a further sum, then such receipt would not
preclude him from making further demand."

*Charles S. Hamilton,* for the appellant (defendant).

*William H. Ely,* for the appellee (plaintiff).

ANDREWS, C. J. There was no error in sustaining the
demurrer to the defendant's plea in abatement. The cases
cited by his counsel are not in point. *Dyer* v. *Smith,* 12
Conn., 384 ; *Doolittle* v. *Clark,* 47 id., 316. In those cases
it was the act of the party which rendered the proceeding
void. The jurisdiction of the court was not challenged. If
it had been averred in the plea that the plaintiff had done
or attempted to do some improper act, doubtless the court
could declare the whole action void. But the opportunity
to do wrong which the servant or officer of a court has, does
not deprive the court of jurisdiction.

In respect to the request for instructions to the jury there
is error. If the plaintiff had accepted payment in full, that
was a bar to his recovering anything more. The receipt of
a payment tendered and accepted in full was a discharge of
his entire claim. *Aborn* v. *Rathbone,* 54 Conn., 444 ; *Gates*
v. *Steele,* 58 id., 316 ; *Buell* v. *Flower,* 39 id., 462 ; *Ayer* v

*Ashmead,* 31 id., 447 ; *Beam* v. *Barnum,* 21 id., 200 ; *Canfield* v. *Eleventh Sch. Dist.,* 19 id., 529 ; *McGuire* v. *Lawrence Mfg. Co.,* 156 Mass., 324.

The request was apparently predicated on the law as laid down in these and other like cases, and it should have been complied with in the very words in which it was made, or in equivalent words. If the defendant satisfied the jury that he had made such a payment as he claimed to have made, he was entitled to have them told explicitly what its effect would be on the plaintiff's right to recover. This was not done. The instructions given implied that the payment, although the jury should find that it was made and accepted in full of all claims, would not preclude a further recovery unless it should also appear that the services which the plaintiff had rendered did not in any way facilitate the subsequent purchase of the property. Each time the judge alludes to this payment in the charge he couples it with this condition. It is, perhaps, true that the judge didn't get the entire meaning of the request in looking it over. The defendant contended that he had made a payment to the plaintiff in September, 1891, to be in full, and which the plaintiff accepted in full of all the matters claimed in the action. If such a payment was made, then the defendant owned all the services which the plaintiff had rendered, and might make such use of them as he chose or as he found advantageous. He might rightfully, and without further liability to the plaintiff, use such services in facilitating a purchase of the property. If such a payment had been made, then the plaintiff had parted with and the defendant had acquired those services, as fully as though the plaintiff had sold to the defendant some tangible thing, as barrels of flour or tons of coal. The jury should have been told that in such case their verdict must be for the defendant.

There is error and a new trial is granted.

In this opinion the other judges concurred.