OF

## THE STATE OF NEW JERSEY.

## 1917.

EDWIN ROBERT WALKER, ORDINARY.

FREDERIC W. STEVENS, EUGENE STEVENSON, EDMUND B. LEAM-
ING, VIVIAN M. LEWIS, JOHN H. BACKES, JOHN
GRIFFIN, JOHN E. FOSTER AND MERRITT
LANE, VICE-ORDINARIES.

WILLIAM E. R. SMITH, executor of William Runkle, deceased,
appellant,

*v.*

FIDELITY TRUST COMPANY, trustee of Elizabeth Haines, et al.,
respondents.

[Decided April 9th, 1917.]

Interest on a trust fund created by will, under the language used by
the testator in this case, begins to run from one year after the death of
the testator.

247

On appeal from a decree of the Essex county orphans court, made by Judge William P. Martin, who filed the following opinion:

William Runkle, late of the county of Essex, died on the 31st day of January, 1914, leaving certain paper-writings purporting to be his last will and testament and codicil thereto which were offered for probate before the surrogate of the county of Essex. Caveats were filed against their probate and a hearing thereon was had by this court. The validity of the paper-writings as the last will and testament and codicil was sustained by this court (*37 N. J. L. J. 325*), and the decree was entered thereon the 6th day of November, 1914, and was appealed to the prerogative court and there sustained by the chancellor sitting as ordinary (*sub nom. Smith* v. *Runkle, 97 Atl. Rep. 296*), and an order there entered on the 3d day of November, 1915. An appeal was thence taken to the court of errors and appeals, and the decrees below were sustained on July 12th, 1916, except as to the executor. *Sub nom. Smith* v. *Haines, 98 Atl. Rep. 317; Smith* v. *Runkle, 98 Atl. Rep. 1086,* and *Smith* v. *Scholfield, 98 Atl. Rep. 1087.*

On July 19th, 1916, the decree admitting the will to probate by this court was affirmed by the return of the decree of the court of errors and appeals, and letters testamentary were duly issued on that day to William E. R. Smith, the executor named in the will.

The twenty-fifth paragraph of the will provides substantially:

"I give and bequeath to Fidelity Trust Company, * * * its successors and assigns, the sum of thirty thousand dollars ($30,000) in trust, nevertheless, and for the following uses and purposes, to wit, that it shall invest the said sum and keep the same safely invested and pay the income, thence arising to Elizabeth Haines, wife of Lindley Haines of Germantown, Pennsylvania, during the term of her natural life, and upon her death I direct that the principal of said trust property, together with any and all income accrued thereon and remaining unpaid shall be paid over absolutely and free of trust in equal parts to my nephew, Daniel Runkle, and my niece, Mary G. Runkle, both of Plainfield, New Jersey."

The petition in this proceeding was filed on the 18th day of November, 1916, to recover the legacy, and alleges that the debts of the estate have been paid and that the executor has ample

funds to pay all legacies. The executor has answered admitting all of the allegations of the petition and alleges that he is willing to pay the principal sum of $30,000 mentioned in such legacy, but refuses to pay the interest thereon from one year after the decedent's death, and waives the tendering of a refunding bond that this court may pass upon the question as to whether the Fidelity Trust Company is entitled to the interest. The executor further alleges that on the 1st day of November, 1916, he tendered to the Fidelity Trust Company the sum of $30,000. A replication was filed which did not deny the alleged tender.

The estate throughout the long litigation as to the existence and nature of the last will and testament and codicil of the decedent has been in the custody of an administrator *pendente lite*. The income during that period as shown by the account now on file indicates that a considerable amount has been earned, but, of course, not equal to six per centum on the estate.

Upon receiving the bulk of the estate, the executor commenced liquidation with a view to an early payment of legacies. The will directs payment of trust funds which aggregate $800,-000, of which this trust for the benefit of Elizabeth Haines is one and the decision in this proceeding will apparently be followed with regard to the disposition of the legacies to establish the other trust funds.

The question to be decided is whether this legacy to petitioner establishing a trust bears legal interest or will be entitled to only a *pro rata* share of income actually earned, and, if so, from what date.

Counsel representing Mrs. Haines have been permitted to file a brief on her behalf.

The petitioner contends that general legacies in their nature carry interest, where no time is fixed for the payment of the legacy by the will, from one year after the testator's death. *2 Wms. Ex. 1286; Welsh* v. *Brown, 43 N. J. Law 37; Griggs* v. *Veghte, 47 N. J. Eq. 179; Marsh* v. *Taylor, 43 N. J. Eq. 1; Ashton* v. *Wilkinson, 53 N. J. Eq. 227*, and *40 Cyc. 2094*, and that this is so, notwithstanding that by reason of litigation the estate did not come into the executor's hands until after the year expired, and that the rule applies to pecuniary legacies where a

life income or interest is carved out of the legacy for a specific sum, citing *Davison* v. *Rake, 45 N. J. Eq. 767, 771; Hoagland* v. *Schencks' Executors, 16 N. J. Law 370; Welsh* v. *Brown, supra; Green* v. *Green, 30 N. J. Eq. 451, 453; Van Blarcom* v. *Dager, 31 N. J. Eq. 783, 795.*

The executor contends that no interest whatever is payable, under the general rule, on a trust fund set aside under the terms of the will, as a trust fund is not a general legacy which carries interest from one year after testator's death, and that if interest were paid on these funds it would tend to increase the *corpus* of the trust fund to the detriment of those interested in the residuary estate, citing the case of *Matter of Stanfield, 135 N. Y. 292, 294.*

The contention of the executor appears to be without foundation in authority and requires no discussion in view of the decisions in the cases of *Davison* v. *Rake, 44 N. J. Eq. 506; affirmed, supra,* and *Welsh* v. *Brown, supra.* The interest on the fund will be paid by the legatee as trustee to the life beneficiary. Her income should not be destroyed for the benefit of the residuary legatee.

The court, in *Davison* v. *Rake,* by Mr. Justice Depue, says (at *pp. 770, 771*) :

"The general rule, that, where no time for payment is fixed by the will, a pecuniary legacy is payable in one year after the testator's death, was adopted from the ecclesiastical courts, which allowed the executor one year to get in the estate and pay legacies. It was a rule designed for the advantage of the executor in the settlement of the estate, and, as said by Mr. Justice Story, 'founded in the convenience of having a fixed period applicable to cases in general, which, if it operated injuriously upon some legatees, was beneficial to others, and reduced to a certainty what might otherwise be a fluctuating exercise of discretion in the executor or the court.' *Sullivan* v. *Winthrop, 1 Sumn. 1–13.* For the sake of general convenience, the court holds the personal estate to be reduced into possession at the expiration of one year after the testator's death, and upon that ground interest is payable upon general legacies from that time, unless some other period for the payment of the legacy is fixed

by the will. Actual payment may, in many instances, be impracticable within that time, yet in legal contemplation the right to payment exists, and carries with it the right to interest until actual payment be made. This rule applies as well when the legacies are payable out of money due upon securities that could not by any possibility be collected within the year as to cases where the fund out of which it is payable consists of stock or securities bearing interest or profit from the testator's death, and also to cases where the direction is to pay as soon as possible. *Wood* v. *Penoyre, 13 Ves. 325–334; Pearson* v. *Pearson, 1 Sch. & Lef. 10; Webster* v. *Hale, 8 Ves. 410; Benson* v. *Maude, 6 Mad. 17; Lord* v. *Lord, L. R. 2 Ch. App. 782; Hoagland* v. *Schenk, 1 Harr. 370; Sullivan* v. *Winthrop, 1 Sumn. 1; Kent* v. *Dunham, 106 Mass. 586.*

"Every testator making a testamentary disposition of his property is presumed to have framed his bequests in view of those general rules that regulate the construction of wills, and he has a right to assume that his will will be proved as soon as practicable after his death. He is not supposed to anticipate a litigation over his will that may postpone its probate. An intent on the part of the testator that those persons to whom he has given pecuniary legacies shall have their legacies at the end of one year after his death, is deducible from the fact that he has specified no time when they shall be paid. The statute, like the common law rule adopted from the ecclesiastical courts, was designed for the convenience of the executor, to afford him a reasonable time to pay the debts and convert the assets into money, before he was required to pay legacies. At common law interest was allowed to the legatee from one year after the testator's death, without regard to the date of probate, and I agree with the vice-ordinary that the statute in question was not intended to affect the rights of legatees beyond the postponement of the time when suit may be maintained for a legacy."

The above case involves a trust fund and is direct authority on the issue in the case at bar.

The executor does not contend that the petitioner has no right to begin this proceeding until one year after the issuance of letters and operative probate on the 19th of July, 1916, under the authority of the case of *Smith* v. *Smith, 72 N. J. Eq. 777.*

The executor also contends that at all events interest should not run after the 1st day of November, 1916, when he tendered to the petitioner the principal of the fund. A tender to operate as a discharge of an obligation and to stop the running of interest should be sufficient in amount fully to pay all of whatever was justly due at the time of the tender. It was a tender, as alleged apparently in full satisfaction, of the legacy. No interest whatsoever was tendered. Therefore, the tender of an insufficient amount may not affect the rights of the legatee as they were without the making of any tender.

A decree should be entered directing the payment of the principal, with interest from the 31st day of January, 1915, to the date of the decree.

*Mr. Alonzo Church,* for the appellant.

*Mr. Louis Hood,* for the respondent.

WALKER, ORDINARY.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Judge Martin.