[No. 13778.   Department One.   May 18, 1917.]

A. C. MARCONNIER *et al.*, *Respondents*, v. E. MARGARET
PRESTON, *Appellant*.[1]

WILLS—CONSTRUCTION — LEGACY — TIME OF PAYMENT—INTEREST.
Under a nonintervention will providing that the trustees should pay
legacies as rapidly as business judgment might require without
sacrificing the estate, the same to be paid as much as possible out of
notes, mortgages, and stock, with a residuary provision to establish
a home for aged people, the legacies do not draw interest until such
time as in the exercise of good business judgment sufficient of the
estate could be converted into cash without sacrifice, where it ap-
pears that the payment of interest on legacies beginning one year
after the death of the testatrix would diminish the amount of the
residuary bequest.

Appeal from a judgment of the superior court for Pierce
county, Clifford, J., entered July 19, 1916, in favor of the
plaintiffs, in an action to construe a will, tried to the court.
Affirmed.

*Gose & Crowe*, for appellant.
*Sullivan & Christian*, for respondents.

MAIN, J.—The purpose of this action was to obtain a con-
struction of the last will and testament of Sarah L. Crowley,
deceased.   The plaintiffs were the executors and trustees
named in the will.   The defendants were two of the pecuniary
legatees.   The point at issue was whether the legacies bore
interest beginning one year after the death of the testatrix.
The trial in the superior court resulted in a judgment ad-
verse to the contention of the defendants.   From this judg-
ment, E. Margaret Preston, one of the defendants, alone
appeals.

The appellant claims that the legacies bore interest begin-
ning one year after the death of the testatrix.   The respond-
ents claim that the legacies do not bear interest until, in the

[1]Reported in 165 Pac. 72.

exercise of good business judgment and within a reasonable time, the estate can be converted into cash and the money made available to meet the bequests.

The common law rule, no doubt, is that general pecuniary legacies draw interest after one year from the death of the testator or testatrix, unless a contrary intention appears from the will. This rule arose in the ecclesiastical courts in England, was adopted by the common law courts, and is based on the presumption that, within that time, the executor would be enabled to ascertain the condition of the estate, collect the assets, and be prepared to pay the legacies. In applying the rule, it is generally held that the legacy begins to draw interest at the time the testator intended it should be payable. *Sloan's Appeal*, 168 Pa. St. 422, 32 Atl. 42, 47 Am. St. 889; *Cline v. Scott's Ex'r*, 17 Ky. Law 602, 32 S. W. 215; *Osgood v. Lovering*, 33 Me. 464; *Bowdre v. Jones*, 34 Ga. 399; *Valentine v. Ruste*, 93 Ill. 585.

Inquiry, therefore, must be directed to the provisions of the will in question, in order that the intent of the testatrix may be ascertained. The will, after naming the respondents as executors and trustees, contains this provision:

"I give, bequeath and devise to my said executors and trustees all property which I may own at the time of my death, whether real, personal or mixed, which gift, bequest, and devise is in trust for the purposes herein enumerated and to fulfill and put into effect the gifts, bequests and devises which I make herein."

Following this provision, there is a devise and bequest to Mary Lynch, the mother of the testatrix, with the requirement that the executors and trustees shall pay to Mary Lynch, during her lifetime, the sum of three hundred dollars per month, which is to be a preferred charge against the estate. Following the provision for the mother, there are numerous bequests to relatives and friends of the deceased. Of these there are approximately sixteen in number, the amounts of which vary from $500 to $10,000, and total ap-

proximately $70,000. Following these legacies, there are bequests to certain charitable and religious organizations, aggregating approximately $12,500. Then follows the residuary provision by which the remainder of the property of the testatrix was to be used for the purpose of establishing and maintaining in the city of Tacoma, or in the immediate vicinity thereof, a home for aged persons, "upon condition and out of respect to the memory of my late beloved husband, that the same shall be known and designated as St. Joseph's Home for the Aged."

Another provision in the will is this:

"They (the executors and trustees) shall pay the aforesaid legacies as rapidly as good business judgment may require without sacrificing the estate, providing for legacies as much as possible out of notes and mortgages due me and certificates of stock in corporations. However, this is not intended as a limitation upon their powers, if in their judgment it is to the best advantage to sell any of the real estate or other property for such purposes, excepting, of course, the real estate devised for life to Mary Lynch and afterward to Gertrude L. Marconnier."

Following this is a provision that the bequests to the charitable and religious organizations shall "be first paid. Giving to my said executors and trustees power, however, if in their judgment it is advisable, owing to misfortune or sickness of any legatee, to pay any other legacy or legacies in whole or in part at any time."

The will contains a direction that the estate shall be managed and settled by the trustees without the intervention of the court, except to admit the will to probate and to file an inventory, and that the executors and trustees shall not be required to give bond.

To the will is attached a codicil, the provisions of which it is unnecessary to review, because there is nothing therein that would shed light upon the question here at issue.

The testatrix died sometime during the month of February, 1914, and, on the 27th of that month, the will was duly ad-

mitted to probate by the superior court of Pierce county, since which time the executors and trustees have been in the management and control of the estate.

No claim is made that the estate has not been properly managed. The reason that the bequests have not been paid is that, owing to business conditions, the estate, in the judgment of the executors and trustees, could not be converted into cash without great sacrifice. While the will specifies no time at which the legacies shall be paid, yet it is apparent, when all the provisions thereof are considered, that the testatrix did not intend their payment until such time as the executors and trustees, in the exercise of good business judgment, should be able to convert the estate, or sufficient thereof to meet the legacies, into cash without sacrificing the estate. The executors and trustees are given large discretionary powers. The property is conveyed to them in trust for the purposes specified in the will, as indicated by the paragraph from the will first above quoted. By the second quoted paragraph, they are directed to pay the legacies as rapidly "as good business judgment may require, without sacrificing the estate." By the third quoted provision, they are given power, if in their judgment it is deemed advisable, owing to misfortune or sickness of any legatee, to pay a legacy, or legacies, in whole or in part at any time.

As indicated by the residuary clause, one of the dominating purposes in the mind of the testatrix was the erection, in memory of her late husband, of a home to be known as St. Joseph's Home for the Aged.

If the pecuniary legacies draw interest beginning one year after the death of the testatrix, the amount which would go under the residuary clause would be diminished to the extent of the accumulation of such interest, and thereby the fund for the erection of the home for the aged would be impaired to that extent.

Considering all the provisions of the will, and endeavoring to ascertain therefrom the intention of the testatrix, we are

of the opinion that it was her intention that the pecuniary bequests should not be payable until such time as the executors and trustees therein, in the exercise of good business judgment, and without sacrificing the estate, would be able to convert the estate into cash, or so much thereof as might be necessary to pay the legacies. It is true that the will nowhere specifies a particular date upon which the legacies shall be paid, nor that such legacies shall not draw interest after the expiration of one year from the death of the testatrix, but it is a cardinal rule of construction that the intention of the testator, or testatrix, shall be ascertained from the provisions of the will, and when so ascertained, be given effect. There is no reason why the intention of the testatrix, when gathered from all the provisions of the will, should not be as controlling as if that intention were expressed in direct and specific language.

It is unnecessary to review in detail authorities, because the result of each case must depend largely upon the provisions of the will there being considered.

The judgment will be affirmed.

ELLIS, C. J., CHADWICK, WEBSTER, and MORRIS, JJ., concur.