CHARLOTTE W. CLEARY ET AL. *v.* ESTATE OF
CHARLES P. WHITE

MALTBIE, C. J., BROWN, JENNINGS, DICKENSON and INGLIS, Js.

Argued January 7—decided February 26, 1948

*John S. Russell* of the New York bar, with whom were *Matthew H. Kenealy* and, on the brief, *Erwin B. Hallett* and *Stanley H. Borak,* for the appellants (plaintiffs).

*Francis P. Schiaroli,* for the appellee (defendant).

MALTBIE, C. J.   The issue presented by this appeal is whether a legatee of a specific sum to whom the principal of the legacy has been paid may thereafter recover interest upon it.   The executors of the testator's estate filed an account in which no allowance was made for the payment of the interest.   The Probate Court allowed the account except for the omission of the interest.   A residuary legatee and one of the executors appealed from that decree to the Superior Court and it sustained the appeal.   It held that the Probate Court was right in deciding that interest was payable on the legacy but was in error as to the method of calculating the amount due. From that judgment the residuary legatee and the executor have appealed.

The finding, without correction, states all the facts necessary for the decision of the appeal and they may be briefly summarized.   The testator, Charles P. White, bequeathed to his wife $26,500, with a provision that if this sum did not equal "her statutory share" in the estate she was to receive enough more to equal that share, and with a statement that she was to receive as absolute owner either that share or the sum of $26,500, whichever should be the larger.   The will contained a provision disposing of the testator's residuary estate.   It was conceded

at the trial that the wife's statutory share would be less than $26,500. The testator's wife died about eight months after his death, and the executors of her estate are the present claimants of the interest. On June 4, 1945, the executors of Mr. White's estate paid to the executors of his wife's estate $13,000 in partial liquidation of the legacy. On July 19, 1946, the former sent to the attorneys for the latter a check for $13,500, the balance due on the principal sum of the legacy given to her. The payment was not tendered as in full discharge of the legacy. The attorneys acknowledged receipt of the check but stated that they did not know the amount of Mr. White's net estate and that, as soon as it appeared upon a proper accounting that the sum of $26,500 exceeded one-third of the estate, they would send a proper release; and then they added this sentence: "This commitment to deliver the release above mentioned is conditioned upon payment of any interest which may be legally due to the extent that such interest has not been waived in whole or in part."

Interest is allowed as damages for the wrongful detention of money; *Selleck* v. *French,* 1 Conn. 32, 33; *Venezia* v. *Fairfield,* 118 Conn. 325, 333, 172 A. 90; General Statutes § 4731; and it ordinarily begins to run from the time when the money is due and payable. *Loomis* v. *Gillett,* 75 Conn. 298, 300, 53 A. 581; *Belisle* v. *Berkshire Ice Co.,* 98 Conn. 689, 696, 120 A. 599. Legacies, in absence of any direction in the will, are ordinarily payable when the estate has been settled. *Greene* v. *King,* 104 Conn. 97, 102, 132 A. 411. An executor or administrator owes to parties interested in the estate the duty of settling it with reasonable dispatch. *American Surety Co. of New York* v. *McMullen,* 129 Conn. 575, 581, 30 A. 2d 564; *Reiley* v. *Healey,* 122 Conn. 64, 78, 187 A.

661. In the event that a legatee should be delayed in securing the money due him by a failure of the executor in the performance of that duty, the application of these principles would be a proper basis upon which the legatee could claim interest upon the legacy. *Wheeler* v. *Ruthven,* 74 N. Y. 428, 431; 3 Woerner, American Law of Administration (3d Ed.) p. 1571. That interest would, however, in such a case, be a personal charge against the executor; *Colt* v. *Colt,* 33 Conn. 270, 279; and an action to recover it might be brought directly against him or on his probate bond. *Appeal of American Board of Commissioners for Foreign Missions,* 27 Conn. 344, 354.

It is, however, an established rule of law, subject to certain exceptions not pertinent to our inquiry, that interest will be added to general legacies for the period from one year after the death of the testator until they are paid. *Webb* v. *Lines,* 77 Conn. 51, 54, 58 A. 227; *Redfield* v. *Marvin,* 78 Conn. 704, 707, 63 A. 120; notes, 6 Ann. Cas. 525, Ann. Cas. 1912B 244; 69 C. J. 1261, § 2643. The best explanation of that rule we have found is that given by *Grant, M. R.,* in *Wood* v. *Penoyre,* 13 Ves. 326, 332, 33 Eng. Rep. 316, in a case where legacies were to be paid out of the proceeds of a mortgage owned by the testator: "Wherever legacies are given out of personal estate, consisting of outstanding securities, those legacies cannot be actually paid, until the money due upon such securities is actually got in: but by a rule, that has been adopted for the sake of general convenience, this Court holds the personal estate to be reduced into possession within a year after the death of the testator. Upon that ground interest is payable upon legacies from that time, unless some other period is fixed by the Will. Actual payment may in many instances be

impracticable within that time: yet in legal contemplation the right to payment exists, and carries with it the right to interest until actual payment. . . . So, the executors in this case say, the legatees could not have had their legacies, if a bill had been filed; as the mortgage, out of which they were payable, was not received. But it was held [in certain cases previously cited], that the possibility of purchasing in fact does not determine the question, whether, according to the legal presumption the purchase might not have been made. So, the possibility in this case does not determine, whether by legal presumption the mortgage might not have been called in within a year. I cannot without rejecting the authority of those cases hold, that the mortgage, though not actually capable of being called in, is not to be considered as having been got in within the year. Constructive receipt is held equivalent to actual receipt for the purpose of the right to interest." In *Sitwell* v. *Bernard*, 6 Ves. 520, 539, 31 Eng. Rep. 1174, *Eldon, Lord Chancellor,* said: "Where an estate is given in various legacies, and the residue is given, it is a rule of convenience, that authorizes this Court to say, for there is no language in the will for it, that those legacies shall be payable at the end of a year from the death of the testator; because, as a general rule it may be taken, that the personal estate may be collected within a year; though in many instances that falls enormously to the prejudice of the residuary legatee. The same convenience has made the Court say, the residuary legatee shall not claim till the end of the year. In many cases the Court supposes the residue to carry interest: though in many cases the residue does not carry interest; but the Court takes the interest for a particular legatee from the residue, as a general rule

of justice and convenience; though in many instances falling out against an individual." See also *Pearson* v. *Pearson*, 1 Sch. & Lef. (Ir. Ch.) 10, 11; *Matter of Accounting of McGowan*, 124 N. Y. 526, 530, 26 N. E. 1098.

The basis for the allowance of interest is, then, a presumption of law that the legacies might have been paid at the expiration of one year, and consequently interest should run from that time. *Wheeler* v. *Ruthven*, 74 N. Y. 428, 431; *Smith* v. *Fidelity Trust Co.*, 87 N. J. Eq. 247, 251, 103 A. 697; *Marconnier* v. *Preston*, 96 Wash. 374, 375, 165 P. 72. The sum allowed is none the less interest because it is bottomed upon this presumption rather than upon proof that the estate was in fact so far settled that the executor should have paid the legacy. *Buchanan* v. *Hunter*, 166 Iowa 663, 669, 148 N. W. 881. The rule "doubtless was founded in the convenience of having a fixed period, applicable to cases in general, which, if it operated injuriously upon some legatees, was beneficial to others; and it reduces to a certainty, what might otherwise be a fluctuating exercise of discretion in the executor, or the court, and involve parties in protracted litigation upon the nice investigation of the circumstances of each particular estate." *Story, J.*, in *Sullivan* v. *Winthrop*, 23 Fed. Cas. 371, 375, No. 13,600, 1 Sumn. 1. If the rule does give an advantage to the general legatee at the expense of the residuary legatees, that is merely to prefer the person whom the testator, by the express gift to him, presumably would desire to receive first consideration. *In re Woodward's Estate*, 78 Vt. 254, 258, 62 A. 718. The rule has, at any rate, become so fixed by authoritative decisions that in a proper case we must apply it.

In *Canfield* v. *Eleventh School District*, 19 Conn.

529, 531, we held that where a creditor accepts the principal sum of an indebtedness due him he cannot thereafter recover any interest upon it. In the absence of any agreement to pay interest, or a statutory provision which, in establishing an obligation, specifies that interest shall be paid, this rule is supported by almost innumerable authorities and there is no substantial dissent from it. Note, 100 A. L. R. 105. The basis of the rule is stated in *Stewart* v. *Barnes,* 153 U. S. 456, 462, 14 S. Ct. 849, 38 L. Ed. 781: "Where money is retained by one man against the declared will of another who is entitled to receive it, and who is thus deprived of its use, the rule of courts in ordinary cases is, in suits brought for the recovery of the money, to allow interest as compensation to the creditors for such loss. Interest in such cases is considered as damages, and does not form the basis of the action, but is an incident to the recovery of the principal debt. The right of action is the right to compel the payment of the money which is being retained. When he who has this right commences an action for its enforcement, he at the same time acquires a subordinate right, incident to the relief which he may obtain, to demand and receive interest. If, however, the principal sum has been paid, so that, as to it, an action brought cannot be maintained, the opportunity to acquire a right to damages is lost." See also 1 Sutherland, Damages (4th Ed.) § 371. It is true that in *Buell* v. *Flower,* 39 Conn. 462, 466, in speaking of the kindred situation of the recovery of costs apart from the principal debt, we said that it was "the voluntary acceptance of money in full payment of the debt" which discharges the costs; and in *Ford* v. *Hubinger,* 64 Conn. 129, 132, 29 A. 129, we stated that "the receipt of a payment tendered and accepted in full was a

discharge of [the] entire claim"; but these statements cannot, in view of the underlying reason for the rule, be regarded as qualifying it. Nor can it matter that, in accepting the principal of the debt, the creditor attempts to reserve a right later to recover the interest which had accrued upon it, for the basis of the rule is that after the payment of the principal there remains no ground upon which interest can be recovered. *Cutter* v. *Mayor, etc.*, 92 N. Y. 166, 172; *Forschirm* v. *Mechanics & Traders' Bank*, 137 App. Div. 149, 152, 122 N. Y. S. 168; *In re John Osborn's Sons & Co.*, 177 F. 184, 185, 100 C. C. A. 392; *Graves* v. *Saline County*, 104 F. 61, 63, 43 C. C. A. 414; *Riley* v. *Maxwell*, 20 Fed. Cas. 804, No. 11,838; *Bennett* v. *Federal Coal & Coke Co.*, 70 W. Va. 456, 465, 74 S. E. 418. We have not overlooked the contrary decision in *Shepard* v. *City of New York*, 216 N. Y. 251, 110 N. E. 435, but that cannot be reconciled with the ground upon which the rule rests.

As the additional amount recoverable on legacies is in reality no different in its nature from interest ordinarily recoverable for delay in the payment of an obligation, it follows that where the principal amount of the legacy has been paid there can be no recovery of the interest. Cases cited to us which hold that the interest is not allowed as a penalty because of neglect by the executor of the estate to pay the legacy when due are not inconsistent with this conclusion; indeed, that the charge has no relation to such a neglect follows from the basis upon which the rule rests. See *Kent & Dunham* v. *Dunham*, 106 Mass. 586, 590; *Wellman* v. *Boston Safe Deposit & Trust Co.*, 295 Mass. 281, 283, 3 N. E. 2d 740; *Esmond* v. *Brown*, 18 R. I. 48, 49, 25 A. 652; *State Bank of Chicago* v. *Gross*, 344 Ill. 512, 515,

176 N. E. 739; *Davison* v. *Rake,* 44 N. J. Eq. 506, 510, 16 A. 227; *Will of Payne,* 171 Wis. 608, 611, 177 N. W. 858. In *Webb* v. *Lines,* 77 Conn. 51, 54, 58 A. 227, and in *First National Bank & Trust Co.* v. *Baker,* 124 Conn. 577, 593, 1 A. 2d 283, in speaking of a situation where income from the death of the testator is allowed in case of trusts, we said that the beneficiary was not "seeking an accretion to that which was given him: he is seeking the very thing given"; but we there were merely distinguishing the two situations and our statement permits no implication that we regarded the "accretion" as something different from interest in the ordinary acceptance of the word. In *First National Bank & Trust Co.* v. *Baker,* supra, we stated a rule governing the application of partial payments upon a legacy and the interest due on it; but our decision in no way involved the question now before us, whether interest on a legacy can be recovered after the principal has been paid in full. Cases which hold that the extra charge may be recovered despite the payment of the principal of the legacy because it is not really interest proceed, in our judgment, upon a mistaken theory of the nature of the obligation; see *Estate of Hubbell,* 216 Cal. 574, 578, 15 P. 2d 503; and we are not impressed with decisions which hold interest recoverable without considering the ground upon which that obligation rests. See *Ogden* v. *Pattee,* 149 Mass. 82, 21 N. E. 227. Our conclusion finds support in the cases of *Matter of Hodgman,* 140 N. Y. 421, 428, 35 N. E. 660, and *American Bible Society* v. *Wells,* 68 Me. 572.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal

from probate and to direct the Probate Court **to** allow the executors' account as presented to it.

In this opinion the other judges concurred.