RIVERSIDE TRUST COMPANY, TRUSTEE
v. ISABELLE M. BURNHAM ET AL.

SUPERIOR COURT        HARTFORD COUNTY        FILE NO. 83297

Memorandum filed December 13, 1949.

*Shipman & Goodwin,* of Hartford, for the Plaintiff.

*Albert S. Bill,* of Hartford, for the Defendants.

INGLIS, J. This is an appeal from a decree of the Probate Court for the district of Hartford disallowing a credit claimed in an administration account by the Riverside Trust Company as executor under the will of James Miller for interest paid to itself as trustee under the fourth clause of that will.

James Miller died testate in 1933. The fourth clause of his will left $10,000 to the Riverside Trust Company in trust to use the income therefrom to pay annually the premiums be-

coming due on a policy of life insurance on the life of Mary Miller, the testator's daughter, with the provision that after the policy became paid up the principal of said fund plus all unexpended income should be added to other trusts created by the will.

Because of the difficulty in liquidating the assets of the estate there had been no final distribution down to the date of the account here in question, i. e., October 6, 1947. In that account the executor credited itself with interest on the $10,000 legacy contained in the fourth clause of the will from March 15, 1934, one year after the death of the testator, to the date of the account, computed at the rate of 6 per cent per annum. The Probate Court disallowed this item on the ground that the legacy would carry interest only at the rate of the average income earned over the years by the estate as a whole, which was practically nil.

It is well established, as a rule of convenience, on the conclusive presumption that a decedent's estate should be settled ready for distribution at the end of a year after his death, that general legacies will carry interest at the legal rate after the expiration of that period. The theory is that the legatee is entitled to receive his legacy at the expiration of the year and if it is withheld from him after that period he is entitled to interest on substantially the same ground as that upon which a creditor is entitled to interest on a past due debt. *Cleary* v. *Estate of White,* 134 Conn. 367, 370.

It is stated by counsel for the appellant in his brief that the Probate Court, in concluding that the trustee here was entitled only to its proportionate share of the actual earnings of the estate, relied on *First National Bank & Trust Co.* v. *Baker,* 124 Conn. 577. If that is so, that case clearly does not justify the Probate Court's conclusion. The question decided by that case is only whether the beneficiary who is given the income of a trust fund is entitled to receive that income from the date of the death of the testator. The holding is that he is entitled to that income and, if the trust fund has not been set apart from the general assets of the estate, the measure of the income which he is to receive while the estate is in process of settlement is the average rate of return on the whole estate. Obviously, however, the period for which he is to receive income figured at that rate is during the settlement of the estate. That period, under the rule relating to interest on legacies, is conclusively

presumed to be only the first year after the testator's death. The rule laid down in the *First National Bank* case has no bearing upon or connection with the rule which allows interest at the legal rate on legacies after one year, and this is pointed out in *Webb* v. *Lines,* 77 Conn. 51, 54.

Inasmuch as the rule allowing 6 per cent interest on unpaid legacies is founded on the principle that the legatee should be compensated for the withholding of money which is due him, it can make no difference whether the legacy is one which is made directly to the beneficiary or whether it is made to a trustee for him. If a legacy is made to one in trust for another, the beneficiary of the trust is just as much damaged by the withholding of it as he would have been if it had been made payable to him directly.

Judgment may enter sustaining the appeal and allowing the item of interest paid by the executor to the trustee as a proper credit in the administration account.