[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PROBATE APPEAL
This is an appeal by the plaintiff Lawrence E. Kristoff, Esq., (hereinafter called Kristoff) pursuant to General Statutes 45a-186, from two orders, dated March 5, 1992, issued by the Probate Court Judge for the district of Greenwich (Tobin, J.). These two orders directed Kristoff to pay interest in the amounts of $30,357.98 and $75,130.30, respectively, owed for funds uninvested and withheld from two related estates for which Kristoff was a fiduciary.
I Procedural History CT Page 3516
The final orders of the Probate Court were issued on March 5, 1993. (Plaintiff's Complaint, 2; Defendant's Answer, 2.) On March 26, 1993, the plaintiff filed a motion for appeal from probate with the Probate Court for the district of Greenwich. A decree allowing the appeal from probate was granted by the Probate Court (Tobin, J.) on March 30, 1993. On April 2, 1993, the plaintiff caused a true and attested copy of the original motion for appeal from probate, decree allowing appeal from probate and certification on the defendant, Donna R. Levine, Administrator of the Estate of Gertrude Tighe, c.t.a.d.b.n. (Sheriff's Return.)
On April 7, 1993, the above-noted documents were filed with the superior court, judicial district of Stamford. On May 5, 1993, Kristoff filed the reasons for appeal ("plaintiff's complaint") with the court and on June 1, 1993, the defendant filed an answer denying the material allegations of the complaint. Both parties have timely filed the appropriate memoranda of law with the court.
II Factual Background
On July 25, 1976, Francis C. Tighe died, survived by his wife and sole heir, Gertrude F. Tighe. In 1976, Kristoff was hired by Mrs. Tighe to provide legal services in connection with the probate of the will of her late husband, Francis Tighe. Kristoff filed Mr. Tighe's will, an inventory and a succession tax return with the Greenwich Probate Court, but neglected to file a return of claims or a final account for the Francis Tighe estate.
In March of 1981, the Probate Court appointed Kristoff as the conservator of Mrs. Tighe's person and estate ("conservator estate"). Kristoff filed for the conservator estate an inventory showing assets of $252,279.58, consisting of Mrs. Tighe residence (valued at $175,000), investments, and bank accounts. However, Kristoff failed to file any accounting for the conservator estate.
The conservatorship continued until Mrs. Tighe's death on October 15, 1984. On November 30, 1984, Kristoff applied for the probate of Mrs. Tighe's will, dated November 29, 1963, and alleged in his application that he was unable to locate the primary or alternate executors named in the will. On December 28, 1984, the court named Kristoff administrator, c.t.a. of the estate of Gertrude Tighe, decedent ("decedent estate"). On April 25, 1985, Kristoff filed an inventory for the decedent estate listing assets of $246,925, consisting of the residence, which had appreciated to CT Page 3517 $235,000, and miscellaneous investments and bank accounts. The court granted Kristoff's application for permission to sell the real estate on December 24, 1985. The residence was sold on September 11, 1986.
From that point until August 4, 1992, no action was taken by Kristoff on all three of the estates. The final accounts for the Francis Tighe estate and the conservator estate had not been filed and both estates had not been closed. Kristoff failed to file a return of sale for the decedent estate and he failed to make a final accounting or a distribution of the assets of the decedent estate to the beneficiaries named in Mrs. Tighe's will.]
On August 4, 1992, Frederick C. Petters, a principal beneficiary of Mrs. Tighe's will, petitioned the Probate Court for the removal of Kristoff as administrator c.t.a., based on Kristoff's neglect of his fiduciary duties. On September 15, 1992, the Probate Court, Tobin, J., removed Kristoff as administrator c.t.a. and, in accordance with the application for removal filed by Petters, appointed the defendant Attorney Donna R. Levine as administrator c.t.a.d.b.n. of the decedent estate.
Kristoff filed the return and list of claims and a final account for the Francis Tighe estate, a final account for the conservator estate, and a return and list of claims, return of sale, corrected inventory and final account for the decedent estate. In ruling on the final accounting submitted by Kristoff, the Probate Court held that because Kristoff's responsibilities stemmed from his continuing administration of the Tighe family estate, the court would consider the accounting for all the estates together as part of a continuing fiduciary duty. (Probate Court Memorandum, p. 4.) The court found that Kristoff had neglected his fiduciary duties in regard to the administration of the conservator and decedent estates, had commingled estate funds with his own, and had failed to properly invest estate funds. (Probate Court Memorandum, p. 13-14.) The Probate Court ordered Kristoff charged with interest on the monies he misapplied from the conservator and decedent estates. Kristoff appeals from these two orders charging him with interest.
The first order appealed from regards the account for the conservator estate dated October 26, 1992, which covered the period from the date of Kristoff's appointment, March 15[,] 1984, to the date of Mrs. Tighe's death, October 15, 1992. Included in the expenses submitted by Kristoff were attorney fees for the Estate of Francis CT Page 3518 Tighe totaling $8,080.72; attorney fees and conservator fees for the period of the conservatorship totaling $27,750.00; and a $1,000.00 fee paid directly to Kristoff for security and guard services which Kristoff alleged he performed for Mrs. Tighe's residence. The Probate Court found that the total overpayment of fees and charges deprived form the estate was $19,250.00, based on the standards articulated in Hayward v. Plant, 98 Conn. 374, 384-85,119 A. 341 (1923), and the Probate Court ordered Kristoff to reimburse the estate for this amount. The Probate Court also assessed interest — at the legal rate of 8% according to General Statutes 37-1 — in the amount of $30,357.98 on the amount Kristoff applied to his personal use and ordered Kristoff to reimburse the estate for that amount. (Probate Court's Memorandum, p. 14.)
In the second order appealed from, regarding the decedent estate, the Probate Court found that there was inappropriate payment made for unnecessary services in the amount of $6,925.00, overpayment of fiduciary and attorney's fees in the amount of $27,000.00., and a mathematical error on the real estate closing credits in the amount of $5,069.80, for a total of $38,994.80 deprived from the estate and the Probate Court ordered Kristoff to reimburse the estate for that amount. The court also assessed interest — at the legal rate of 8% according to General Statutes37-1 — in the amount of $75,130.30 on the amount deprived from the decedent estate and ordered Kristoff to reimburse the estate for that amount. (Probate Court's Memorandum, p. 14.)
The plaintiff did not appeal from the orders disallowing the various items in the three accountings and ordering Kristoff to reimburse the estates for the amounts misapplied, totaling $61,246.08. The plaintiff did, however, appeal from the Probate Court's orders awarding interest on the amounts deprived from the decedent and conservator estates.
III Jurisdiction
A. Aggrievement
General Statutes 45a-186 provides that
 any person aggrieved by any order . . . of a court of probate in any matter, unless otherwise specifically provided by law, may appeal therefrom to the superior court for the judicial district in which such court of probate is held.
CT Page 3519
"There is no dispute about the established rule that appeals from Probate Court decisions are statutory appeals that ordinarily require the appellant to establish his interest and the nature of his aggrievement." Weill v. Lieberman, 195 Conn. 123, 124-35,486 A.2d 634 (1985).
The test for aggrievement is as follows:
 In determining whether an appellant has a grievance . . . the question is whether there is a possibility, as distinguished from a certainty, that some legally protected interest which he has in the estate has been adversely affected. . . .
 The issue of whether [a party] was aggrieved under 45-288 [now General Statutes 55a-186] by the actions of the Probate Court is to be distinguished from the question of whether, on a review of the merits, it will prevail. To examine the [issue of aggrievement] the two parts of aggrievement need to be considered: (1) the nature of the appellant's interest, and (2) the adverse effect, if any, of the probate Court's decision on that interest. . . .
(citations omitted; internal quotation marks omitted.) Erisoty's Appeal from Probate, 216 Conn. 514, 519-20, 582 A.2d 760 (1990). The party seeking an appeal must be able to assert a direct interest in the subject matter of the decree or order appealed from. Merrimac Associates, Inc. v. DiSesa, 180 Conn. 511, 516-17,429 A.2d 934 (1989).
In Avery's Appeal, 117 Conn. 201, 206, 167 A. 544 (1933), the court noted that an administrator could be aggrieved by "an order fixing his compensation for services up to the time of the revocation of his appointment as administrator or affecting the validity of his acts as such and which might involve personal liability therefore." Because the Probate Court's orders appealed from in this case assess personal liability against Kristoff, the court finds that the plaintiff is aggrieved.
B. Standard
The supreme court in Kerin v. Stangle, 209 Conn. 260, 263-265, CT Page 3520550 A.2d 1069 (1988), articulated in detail the standard of review for the superior court in an appeal from an order of the Probate Court:
 An appeal from a Probate Court to the Superior Court is not an ordinary civil action. . . . When entertaining an appeal from an order or decree of a Probate Court, the Superior Court takes the place of and sits as the court of probate. . . . In ruling on a probate appeal, the Superior Court exercises the powers, not of a constitutional court of general or common law jurisdiction, but of a Probate Court. . . .
 The function of the Superior Court in appeals from a Probate Court is to take jurisdiction of the order or decree appealed from and to try that issue de novo. . . . Thereafter, upon "consideration of all evidence presented on the appeal which would have been admissible in the probate court, the superior court should exercise the same power of judgment which the probate court possessed and decide the appeal as an original proposition unfettered by, and ignoring, the result reached in the probate court." . . .
 It is true that the mere taking of an appeal from a probate decree does not in and of itself vacate or suspend the decree. . . . As noted in Livingston's Appeal from Probate, 63 Conn. 68, 75, 26 A. 470 (1893, "[i]f the appeal had been withdrawn or dismissed in the Superior Court . . . the [probate] decree would have remained valid . . . ." . . . That is, the probate decree appealed from continues "in full force" until the appellate tribunal otherwise determines. . . . But once the appellate tribunal, i.e., the Superior Court, otherwise determines and either modifies or sets aside the decree of the Probate Court, the probate decree is superseded. . . .
 We hold, therefore, that once a probate appeal is heard and a judgment rendered in the Superior Court, the Superior Court judgment supplants the probate decree or order.
CT Page 3521
(Citations omitted.) The probate appeal is taken only from the specific orders or decrees appealed from, and not the entire proceeding before the Probate Court. Livingston's Appeal, supra, 73.
 The judgment on appeal should affirm or reverse the decree appealed from, in whole or in part, and answer the questions raised by the reasons for appeal. . . . The proper judgment in an appeal from an order or decree should be returned to the Probate Court for further determination and termination of the proceedings in that court. The estate must always be settled in the Probate Court even when its administration is sidetracked or diverted temporarily by an appeal to the Superior Court.
(Citations omitted.) Silverstein's Appeal from Probate, 13 Conn. App. 45,53, 534 A.2d 1223 (1987).
IV Discussion
"The Probate Court is a court of limited jurisdiction having only such powers as given by statute[.]" Burton v. Dillman,27 Conn. App. 479, 482, 607 A.2d 447 (1992), cert. denied, 223 Conn. 904,610 A.2d 178 (1992), citing Prince v. Sheffield, 158 Conn. 286,293-94, 259 A.2d 621 (1969). General Statutes 45a-98(a), which establishes the general powers of the Probate Court, states that
 [c]ourts of probate in their respective districts shall have power . . . (5) to the extent provided for in section 45a-175, call executors, administrator, . . . [and] conservators, . . . to account concerning the estates entrusted to their charge and (6) make any lawful orders or decrees to carry into effect the power and jurisdiction conferred upon them by the laws of this state.
General Statutes 45a-175(a) dictates that "[c]ourts of probate shall have jurisdiction of the interim and final accounts of . . . conservators, guardians, . . . [and] administrators." General Statutes 45a-175(f) dictates that "[u]pon the allowance of any such account, the court shall determine the rights of the CT Page 3522 fiduciaries . . . rendering the account and of the parties interested in the account, subject to the appeal as in other cases."
Kristoff's main contention in this appeal is the narrow legal question of whether the Probate Court may, in an order allowing the final account of a removed executor, charge the executor with interest representing the income or profit that would have accrued to the estate had the fiduciary not misapplied the funds. Although Kristoff concedes in his brief that the Probate court's order as proper as to all items disallowed, he argues that the Probate Court is without jurisdiction to award interest on the amounts disallowed. Kristoff cites Cleary v. Estate of White, 134 Conn. 367,373, 58 A.2d 1 (1948), for the proposition that when a person is owed money which is withheld by another, interest is awarded as damages, and cites to dicta in Palmer v. Hartford National Bank Trust Co., 160 Conn. 415, 429, 279 A.2d 726 (1971) for the proposition that the Probate Court does not have the jurisdiction or the power to award damages.
The term "interest," as used by Cleary v. White, supra, refers to interest on claims against the estate or fiduciary, not to interest as the amount of profit to have been earned by the monies misappropriated from an estate. In Cleary, the executor of a beneficiary's estate accepted a check for the principal sum of a legacy due although the full amount of the estate was unknown. The attorney accepted the amount, although the full amount of the estate — and, thus, the beneficiary's share thereof — was unknown. The attorney for the beneficiary agreed to execute a release if upon the settling of the estate the beneficiary's share was determined to be larger, provided that any right of interest was not waived. The court noted that interest is generally allowed as damages for the wrongful detention of money, and is awarded as damages where the executor breaches his duty to settle the estate with reasonable dispatch. Id., 369. The court noted that an action for interest on a legacy is a personal action of the beneficiary against the executor to remedy the executor's failure to perform the duty to settle with dispatch. Id., 369-70. It is submitted that the interest prayed for in Cleary was interest as damages for the breach of duty to settle the estate with reasonable dispatch. There was no allegation in Cleary v. White, supra, that interest as profits was owing due to the executor's misappropriation of proceeds from the estate, as in the present case. CT Page 3523
The case of Clement's Appeal, 49 Conn. 519 (1992), indicated the distinction between interest as damages for the detention of money after it becomes payable and the interest charged against a fiduciary for misapplying the assets of the estate. In Clement's Appeal, supra., 533, the executor of the estate paid to himself a debt that had been owed to him by the testator but was unenforceable. The court indicated that the note evidencing the debt was uncollectible and that the executor's payment to himself from the estate for the amount of the debt was a breach of his fiduciary duty. Id. 533-34. The committee which heard the case for the Probate Court charged the executor with legal interest at the legal rate, seven percent at the time. The executor argued that he was only chargeable with six percent during the period in which he misapplied the sums. The supreme court held as follows:
 That might be so on a contract made before but covering that period, or if the court was allowing interest as damages. But here the court is endeavoring to ascertain the amount of profits received by the executor for the use of the money. As he fails to account for the profits as such, the court will presume that they are equal to the interest of the money at the legal rate of interest during each year. He is chargeable with interest at seven per cent. [the legal rate at the time] during the period [he misapplied the sums].
(Emphasis added.) Id., 538.
In addition, Kristoff has failed to cite any authority in support of the proposition that the Probate Court is without power to charge a fiduciary for the profits accruing on amounts misapplied from an estate to the personal use of the fiduciary. On the contrary, General Statutes 45a-244 provides that
 It is the Probate Court's duty to settle accounts on the basis of equity. . . . The Probate Court has the power to make an equitable apportionment of expenses between the principal and income, and to apply equitable principles in charging interest on funds which have been misapplied. The equity power of the Probate court is sufficient to enable it to grant relief against [a] breach of fiduciary duty.
(Emphasis added; footnotes omitted.) Gayle B. Wilhelm, Connecticut CT Page 3524 Estates Practices, Settlement of Estates, 290, p. 413.
Although Kristoff notes correctly that Probate Courts cannot assess damages, this rule has no application in the present case because no damages were assessed. The orders of the Probate Court merely determined the extent of the estate to be turned over to the administrator, c.t.a. See Pinney v. Barnes, 17 Conn. 420, 427
(1845) (an administrator, c.t.a., appointed to replace an earlier executor, becomes the sole representative of the estate and is entitled to all money due from the former administrator to be appointed to replace an earlier executor, becomes the sole representative of the estate and is entitled to all money due from the former administrator to be paid to the estate). As the supreme court noted regarding the effect of a final accounting in the Probate Court, "[t]he probate proceedings could at most result in a determination of the money or property due the beneficiary, but if the trustee fails to pay or deliver in accordance with the decree, the beneficiary would then be forced to an action against him or upon his bond." Dettenborn v. Hartford-National Bank Trust Co., supra, 393-94.
The Probate Court, in allowing the final account of a removed fiduciary, may surcharge a fiduciary with interest representing the profits that would have accrued on funds of the estate misapplied to the fiduciary's personal use. The orders charging Kristoff with interest are affirmed.
Kristoff also contends that before any interest can be charged against a fiduciary in the final accounting for funds misapplied from the estate, an expert must testify on the probable amount of the return. Therefore, Kristoff claims the Probate Court assessment of 8% interest, the legal rate pursuant to General Statutes 37-1(a), was improper because no one testified regarding the probable rate of return. Kristoff failed to cite any direct authority in support of this argument. Furthermore, the general rule is that "[w]here an executor or administrator presents an account, the burden is upon him to prove the facts involved in it, and if he fails of proof as to any issue, it must be found against him." (Emphasis added.) Reiley v. Healey, 124 Conn. 216, 222,198 A. 570 (1938); see also French v. Oberreuter, 157 Conn. 181,192, 251 A.2d 67 (1968). As the court noted in Clement's Appeal from Probate, supra, 538, where the fiduciary fails to account for the amount of profits for the use of monies misapplied from the estate, "the court will presume that [the profits] are equal to the interest of the money at the legal rate of interest during each CT Page 3525 year." (Emphasis added.) See also The State ex rel. Raskin v. Schachat, 120 Conn. 337, 343-44. 180 A. 502 (1935).
Expert testimony is not necessary to determine the profits chargeable against a fiduciary for the misapplication of estate monies to his personal use, and interest may be assessed against the monies misapplied from the estates at the legal rate of 8%. Therefore, this court affirms the order of the Probate Court awarding interest at the legal rate pursuant to General Statutes37-1(a).
Kristoff, in his reply brief, appears to concede that the Probate Court can charge interest, but contends that the Probate Court used the wrong measure, i.e. compound interest, in assessing the amount of interest owed, and argues that only simple interest may be used. This issue, first raised in Kristoff's reply brief, was not raised in the motion to appeal or in the reasons for appeal.
The appellate court has discussed the ability of a superior court, reviewing an appeal from a Probate Court order or decree, to address issues not raised in the reasons for appeal:
 In a probate appeal, . . . the Superior Court's jurisdiction is statutory and limited to the order appealed from. The issues presented for review are those defined in the reasons for appeal. The Superior Court cannot consider or adjudicate issues beyond the scope of those proper for determination by order or decree attacked. This is so even with the consent of the parties to the appeal because the court has subject matter jurisdiction only to the order or decree appealed from. Hartford Kosher Caterers, Inc. v. Gazada, [165 Conn. 478, 486-487, 338 A.2d 497 (1973)]; Stevens' Appeal, [157 Conn. 576, 580-81, 255 A.2d 632 (1973)]; Killen v. Klebanoff, [140 Conn. 111, 118, 98 A.2d 520 (1953); Sacksell v. Barrett, [132 Conn. 139, 146, 43 A.2d 79 (1945)]; Wildman's Appeal, [111 Conn. 683, 686, 151 A. 265 (1930)].
(Emphasis added.) Silverstein's Appeal from Probate, supra, 58. Because Kristoff did not raise the issue of the method of calculation of interest in his reason for appeal or the motion for appeal, this court is without jurisdiction to consider the issue. CT Page 3526
V Orders
The orders of the Probate Court are affirmed. The case is remanded back to the Probate Court for further determination and termination of the proceedings in that court, pursuant to the authority in (Silverstein's appeal 13 Conn. App. 45-53 (1987)).
KARAZIN, J.